27625. THORNTON *v.* EUBANKS.

DECIDED OCTOBER 25, 1939.

*R. R. Jones,* for plaintiff in error.  *R. R. Marlin,* contra.

STEPHENS, P. J. Mrs. Agnes Thornton Eubanks instituted suit in trover against Mrs. H. H. Thornton, to recover for the alleged conversion of a number of pictures as the property of the plaintiff. The defendant admitted possession and the plaintiff's title to the pictures but asserted a lien for charges for keeping the pictures for the plaintiff, and denying a conversion.

■ While the defendant testified that the pictures were turned over to her by the plaintiff, who asked the defendant to keep the pictures for the plaintiff while the plaintiff, who was the defendant's sister-in-law, was in Florida, but that there was nothing said as to any payment of charges for keeping the pictures, that the pictures had been hanging in the defendant's house and were of no value to her, that she had kept the pictures for twelve years, and that it was worth $5 a year to keep the pictures, it appeared from the testimony of the plaintiff that when she moved to Florida she delivered the pictures to the defendant, who stated that she would be delighted to keep them for the plaintiff, and that they would add much to the walls of her living and dining-room, that the plaintiff had made demand on the defendant for the pictures, and the defendant had refused to deliver possession. There was evidence of the value of the pictures, and of a demand on the defendant by the plaintiff, and a refusal by the defendant to deliver possession.

The evidence was sufficient to authorize the jury to find that the pictures, which were the property of the plaintiff, were turned over by her to the defendant for safe-keeping while the plaintiff was absent in Florida, without any charges to be paid to the defendant for such services, but that the keeping of the pictures would be beneficial to the defendant as ornaments in her house, and that the defendant had converted the pictures to her own use by her failure to deliver them to the plaintiff on demand. The evidence was sufficient to authorize the alternative verdict for the plaintiff in the sum of $50, or the delivery of the pictures.

■ It was not error for the court to recall the jury, after they had retired, and permit the plaintiff to change her election from a money verdict to the election of an alternative verdict, where no objection was made at the time. *Holland* v. *Lawrence,* 147 *Ga.* 479 (2) (94 S. E. 561) ; *Garrett* v. *Atlanta Home Underwriters,* 35 *Ga. App.* 404 (133 S. E. 265).

896

■ The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Sulton and Felton, JJ., concur.*