45813. JOHNSON v. O'DONNELL et al.

DEEN, Judge. In such interlocutory rulings of the trial court as the sustaining or overruling of objections to interrogatories and decisions as to whether answers are or are not sufficient, this court will reverse only upon a showing of a clear abuse of discretion. See Newell v. Phillips Petroleum Co., 144 F2d 338; United States v. Kohler Co., 9 FRD 289, dealing with Rule 33 of the Federal Rules of Civil Procedure upon which *Code Ann.* §§ 81A-133 and 81A-126 of our Civil Practice Act are based. In the present case, an action for the recovery of a $200 rent security deposit, plaintiff filed 55 interrogatories, of which defendant answered all but three. Plaintiff moved to compel further answer and the motion was denied in part and granted in part. Plaintiff also filed 54 additional interrogatories, some of which clearly are not calculated to lead to the discovery of admissible evidence. *Code Ann.* § 81A-126 (b). Defendant filed a motion seeking a protective order on the ground that they were repetitious, ambiguous and intended solely for harrassment. The court granted the motion as to 21 of the 54 questions and ordered defendant to respond to the remainder. Plaintiff appeals from the adverse portion of the rulings on the two sets of interrogatories.

We have examined the questions asked and the rulings thereon; keeping in mind their interlocutory character and marginal significance, and the wide latitude granted the trial court, we are inclined to the opinion that the only possible abuse of discretion shown lies in the court's willingness to certify the orders as of sufficient importance to become the subject of immediate review. Be that as it may, this court finds no error.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*

ARGUED JANUARY 4, 1971—DECIDED FEBRUARY 4, 1971—REHEARING DENIED FEBRUARY 24, 1971—CERT. APPLIED FOR.

*Morris, Etheridge, Redfern & Butler, John William Brent, Philip F. Etheridge,* for appellant.

*Claude E. Hambrick,* for appellees.