48637. RETAIL CREDIT COMPANY v. UNITED FAMILY LIFE INSURANCE COMPANY.

PANNELL, Judge. Issue having been joined, plaintiff filed interrogatories and a motion to compel defendant's answers to certain enumerated questions. Following a hearing, the trial court issued an order sustaining plaintiff's motion as to certain questions and further ordered defendant to file answers within thirty days of the date of the order. Subsequently, on June 11, 1973, under the provisions of Ga. L. 1968, pp. 1072, 1073 (Code Ann. § 6-701 (a) (2)), the trial judge certified the order of June 6, 1973, for immediate review.

From the pleadings before us it appears that plaintiff, United Family Life Insurance Company, alleges that defendant, Retail Credit Company was negligent in the conduct of an investigation of one E. C. Mullendore, III, and in preparation of the report of such investigation. It is further alleged that in reliance on this report, plaintiff in September, 1969, issued life insurance on Mr. Mullendore in the amount of $15,000,000 and that the insured died of a gunshot wound in the head in September, 1970. Ensuing litigation involving the beneficiary of the policy and plaintiff resulted in an $8,000,000 settlement and constitutes the base of damages sought in the current litigation. Defendant filed a general denial as to negligence and interposed special defenses, to include a counter allegation of negligence by the plaintiff, an allegation that plaintiff had fraudulently conspired with the deceased to enable him to obtain the $15,000,000 life insurance through the medium of reinsurance so that he could negotiate large loans, and, that plaintiff and those associated with the plaintiff had received large sums from the issuance of the policies and the negotiation of the loans as part of a nationwide scheme to issue, or purportedly issue, large policies of insurance so that large sums of money could be obtained through loans with said policies as collateral money. A Mr. Leon Cohen and the insurance agency, Cohen, Kerwin, White and Associates, apparently figure prominently in all transactions between plaintiff and the deceased. *Held:*

1. The first question is whether disclosure of the information sought by plaintiff's interrogatories is permitted under the Fair Credit Reporting Act (15 USCA § 1681 et seq.). Initially, we observe that this action is not brought under the Fair Credit Reporting Act, nor in our opinion, does that Act apply to this case. As we read the Act, it was basically intended to protect the consumer so as to afford him fair treatment by an industry or business that is recognized as a necessary adjunct of commerce for consumer credit, personnel matters, insurance, and other information, with due regard to confidentiality, accuracy, relevancy and proper utilization of such information gleaned. See Section 1681b, id. We find nothing in the Act purporting to proscribe the right of an individual or corporation or other entity from bringing suit predicated upon the negligence of a consumer investigative agency in the conduct of an investigation or the preparation of the report rendered to the party employing the agency. Indeed, it would be beyond cavil to surmise that the

Congress had ever intended the Act should become an absolute protective shield for the investigative agency in such circumstances. We, therefore, answer the initial question in the affirmative.

2. We are urged that the information sought should not be required because it is confidential, not admissible in evidence, and, is not reasonably calculated to lead to the discovery of admissible evidence. Even under the Fair Credit Reporting Act, supra, there is no absolute immunity from disclosing sources of investigation information. Section 1681g (a) (2) provides: "The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: *Provided,* that in the event an action is brought under this subchapter [III—Credit Reporting Agencies], such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought." We think it is clear, therefore, that Congress recognized that the protection afforded "sources of information" exists only when prior to the institution of legal action. In enacting the Act and recognizing the right to discovery after suit was filed, we are confident that the Congress gave careful consideration to the defendant's voiced danger that sources of information might dry up once they discover their identities might become known because they wish to avoid harassment, embarrassment, publicity or litigation, which, in turn, could threaten defendant's business. It is without merit to iterate as does the defendant, that "the prevention of such an adverse development was the obvious rationale behind the exemption from disclosure of the sources of information of consumer agencies in the Fair Credit Reporting Act." See also 15 USCA § 1681b (1).

While there is no comparable statute under Georgia law, it remains that defendant is not without protection when discovery is sought and good cause is shown. Ga. L. 1972, pp. 510, 513 (Code Ann. § 81A-126 (c)).

3. Defendant complains that discovery of the information sought is not proper since the material is not relevant to the subject matter involved in the litigation. This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622); *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291). We find no such

abuse here.
*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*
ARGUED OCTOBER 5, 1973 — DECIDED JANUARY 7, 1974.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., W. Rhett Tanner,* for appellant.
*Heyman & Sizemore, William H. Major, William B. Brown,* for appellee.