## 49112. SMITH v. BASS.

CLARK, Judge.

In this interlocutory appeal accompanied by the requisite review certificate the sole question is whether the trial court erred in the entry of an order requiring defendant to comply with extensive discovery requests of plaintiff. Appellant contends the information and documents sought to be discovered were irrelevant to the subject matter of the pending action and constituted harassment.

The suit is based upon an employment contract in which Smith employed Bass to supervise sales and services of the business known as "Lakeshore Marine" for a weekly salary plus "one-half of the net earnings of

the business from sales and service." The weekly salary plus an amount of $1,000 was paid for the calendar year 1972. The employee's suit contends additional sums are owed to him under the "net earnings" provision. Defendant's answer denied any indebtedness and also claimed that the $1,000 payment represented the "full share" of the profits because the year ended "with a deficit instead of a profit." (R. 9). The answer also states defendant rendered an accounting to plaintiff which showed that there were no net earnings for 1972.

For discovery purposes plaintiff filed interrogatories and requests for production of business records for the years 1972 and 1973. These sought to obtain information concerning other business enterprises in which defendant was engaged as well as those for "Lakeshore Marine." Defendant was willing to comply with the interrogatories and document requests provided these queries were limited to the business known as "Lakeshore Marine." The contract attached to the complaint shows there were "other properties and businesses located at Lakeshore Marine facility." (R. 6). Thereupon plaintiff filed a motion for an order compelling discovery and specifically requesting defendant be required to answer those numbered interrogatories and production records dealing with the interest of defendant in other businesses as being "relevant to the subject matter involved in this action, is reasonably calculated to lead to the discovery of admissible evidence, and is not privileged." (R. 18).

Although there is no transcript of evidence the order from which the appeal has been taken contains findings of fact which are determinative of the questions presented in this appeal. Among these findings of fact the trial judge ruled "Lakeshore Marine is only one of several businesses carried on by defendant as an individual and that defendant is the president and major stockholder of [another corporation], and, that plaintiff contends that defendant has intermingled the funds, services, income and expenses of the several business enterprises in which defendant is engaged, and, that items relevant to the calculation of the net earning of Lakeshore Marine may not appear on the books and records of Lakeshore Marine

but may instead appear on the books and records of one of the other several business enterprises in which defendant is engaged, and, that if such intermingling of the said funds, services, income, and expenses of the other several business enterprises in which defendant is engaged has been carried on, it would be impossible to conduct an accurate accounting in order to determine the amount to which plaintiff is entitled under said contract by merely examining the books, records, bank records and tax returns of the said Lakeshore Marine, and, that it is necessary, in order to conduct an accurate accounting so as to determine the amount to which plaintiff is entitled under the said contract upon which this action is based, for plaintiff to examine the books, records, bank records and tax returns of the other several business enterprises in which defendant is engaged, and, that the information called for in interrogatories numbers 4, 5, and 6 of plaintiff's first interrogatories to defendant and the documents and records requested for production, inspection and copying by items 1(b), 1(c), 1(d), 1(e), 1(f), and 1(g) of plaintiff's request for the production and copying of documents are not privileged and are relevant to the subject matter involved in this action."

We have quoted the careful and detailed findings of fact by the trial judge as showing the judgment appealed from meets fully the letter and spirit of our discovery procedures contained in the three Annotated Code Sections 81A-126, 81A-133 and 81A-134. Clearly there has been no abuse of discretion. The cases relied upon by appellant were rendered prior to the passage in 1966 of our Civil Practice Act which broadened the right of discovery.

"In such interlocutory rulings of the trial court as the sustaining or overruling of objections to interrogatories and decisions as to whether answers are or are not sufficient, this court will reverse only upon a showing of a clear abuse of discretion. See Newell v. Phillips Petroleum Co., 144 F2d 338; United States v. Kohler Co., 9 FRD 289, dealing with Rule 33 of the Federal Rules of Civil Procedure upon which Code Ann. §§ 81A-133 and 81A-126 of our Civil Practice Act are based." *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d

291). See also 8 Wright & Miller, Federal Practice and Procedure: Civil §§ 2176, p. 557 and 2215, p. 652, in which this rule is said to apply to Rule 34 as well as Rule 33 of the Federal Rules (Code Ann. §§ 81A-134 and 81A-133).

In the case at bar, plaintiff alleges the defendant has intermingled the funds, services, income and expenses of defendant's businesses. This allegation is at the core of plaintiff's complaint, for the intermingling, plaintiff asserts, has hidden the net earnings of Lakeshore Marine and, consequently, plaintiff's share of those earnings. As the trial court pointed out, the only way to determine if such intermingling has taken place is to examine the books, records, bank records and tax returns of defendant's several businesses. These materials are, therefore, relevant to the maintenance of plaintiff's action.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 5, 1974 — DECIDED APRIL 2, 1974.

*Smith & Jones, Henry O. Jones, III,* for appellant.
*Myers & Parks, Michael A. Fennessy,* for appellee.