## 50249. SNEAD v. PAY-LESS RENTALS, INC.

STOLZ, Judge.

The plaintiff television and stereo rental company brought a trover action to recover the possession (by its election) of rental television sets from the defendant, who was either an independent contractor (as he claims) or an employee of the plaintiff for the purpose of repairing the plaintiff's rental sets (as the plaintiff claims). The defendant admitted possession, and asserted a statutory lien and counterclaims for his services, alternatively as an independent contractor or an employee.

The plaintiff refused to answer the defendant's interrogatories numbered 1, 2, 3, 4 and 7, objecting on the grounds that they are "impertinent and trespassing upon plaintiff's business and private affairs and should have no bearing on the complaint," and stating that "[a]t the proper time and on the trial of said case, the plaintiff will submit and exhibit such necessary documents as may be

necessary in the prosecution of its case against the defendant." The defendant appeals, with a certificate for immediate review, from the order denying his motion to compel answers to the aforesaid interrogatories.

1. Code Ann. § 81A-133 (a) (Ga. L. 1966, pp. 609, 646; 1972, pp. 510, 524) provides in part, "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them." Although there was not a literal compliance with these provisions here, in that the answers and objections were both signed by the attorney, there was a substantial compliance in that the plaintiff's president verified the answers "according to the best of his information and belief." Cf., *Williamson v. Lunsford,* 119 Ga. App. 240 (2) (166 SE2d 622); *Locklear v. Morgan,* 127 Ga. App. 326, 328 (1) (193 SE2d 208); *Cobble v. Ford Motor Credit Co.,* 129 Ga. App. 210 (199 SE2d 392).

2. The defendant was entitled to plead the ex contractu counterclaim against the plaintiff in this ex delicto trover action. *General Acceptance Corp. v. Bishop,* 126 Ga. App. 421 (190 SE2d 825) and cits.; Code Ann. § 81A-113 (c) (Ga. L. 1966, pp. 609, 625). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim [including counterclaim] or defense of the party seeking discovery or to the claim or defense of any other party. . ." Code Ann. § 81A-126 (b 1) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510).

3. Interrogatory no. 1 sought the date and price of purchase, the seller(s), and copies of invoices of the television sets in the defendant's possession. It is contended that this information pertaining to valuation is irrelevant, the plaintiff having elected to recover possession rather than value. However, "[t]he issue in an action of trover is ordinarily one of title. . .,"*Abney v. M. B. Thomas Auto Sales Co.,* 93 Ga. App. 224 (1) (91 SE2d 189), and the information sought was relevant to, or could lead to the discovery of admissible evidence of, the bona fides of

the plaintiff's purchases and its title. Furthermore, the plaintiff's election to take possession was not irrevocable, but could be changed anytime before the case is submitted to the jury or before judgment is rendered by the judge without a jury (*Phillips v. South Cobb Bank,* 117 Ga. App. 137, 138 (3) (159 SE2d 495) and cit.), or even after the jury has retired, absent objection. *Thornton v. Eubanks,* 60 Ga. App. 894 (2) (5 SE2d 602). Moreover, the issue of value was relevant to the defendant's counterclaim for, inter alia, a statutory lien for his services, in order to ascertain how much of the property in his possession would be required to satisfy his claim.

4. Interrogatories numbered 2, 3 and 4, seeking the total number of television sets owned by the plaintiff and used in the operation of its business at various specified times during the period covered by the alleged contractual relationship, were relevant to the defendant's counterclaim, which alleged, inter alia, that his monthly compensation under the contract was based in part upon the total number of sets then owned by the plaintiff and used in the operation of its business.

5. Interrogatory no. 7, seeking the amount of depreciation claimed by the plaintiff during the last preceding fiscal year for each of the sets in the possession of the defendant, like interrogatory no. 1, was relevant to the defendant's counterclaim and to the plaintiff's trover claim in order to preserve the plaintiff's option to timely change its election to recover value.

The trial court does have a wide discretion in the entering of orders to prevent the use of interrogatories for discovery which is oppressive, unreasonable, unduly burdensome or expensive, harassing, harsh, insulting, annoying, embarrassing, incriminating, or directed to wholly irrelevant and immaterial or privileged matter, or as to matter concerning which full information is already at hand. *Travis Meat &c. Co. v. Ashworth,* 127 Ga. App. 284, 287, 288 (193 SE2d 166) and cits.; Code Ann. § 81A-126, supra, (b 1) and (c). However, protective orders "should not be entered when the effect is to frustrate and prevent legitimate discovery." *Travis,* supra, p. 288. As in *Travis,* the situation present in the case at bar does not fall within any of the above-stated guidelines, especially

the one urged by the plaintiff's objection, i.e., impertinence (irrelevancy). Accordingly, the order denying the motion to compel answers to the interrogatories, prevented legitimate discovery, hence was reversible error.

*Judgment reversed. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 11, 1975 — DECIDED MARCH 19, 1975.

*Holland & Holland, Donald V. Holland, John Brent,* for appellant.

*Joseph S. Crespi,* for appellee.