## 49981. TAYLOR v. STAPP.

BELL, Chief Judge.
Plaintiff sued the defendant for personal injuries caused by an alleged assault. Defendant did not answer within the time required by law. The trial court thereafter ordered the plaintiff to submit to the taking of his

discovery deposition on the issue of damages. Plaintiff failed to obey. Defendant's motion for sanctions was sustained and the court dismissed the action. This appeal has been transferred by the Supreme Court to this court. *Held:*

1. In a prior appeal the Supreme Court disposed of issues concerning the denial of purported interlocutory injunctions which plaintiff again raises in this appeal. See *Taylor v. Stapp,* 231 Ga. 268 (201 SE2d 419).

2. CPA § 55 (a) (Code Ann. § 81A-155(a)) provides in pertinent part that where a defendant is in default in an action "ex delicto" the plaintiff shall be required to introduce evidence and establish the amount of damages before a jury with the right of defendant to introduce evidence as to damages. The plaintiff contends that the lower court erred in denying him a judgment by default for the amount of damages sought as his claim is not one ex delicto. The phrase "ex delicto" describes a tort. *L & N R. Co. v. Spinks,* 104 Ga. 692 (30 SE 968).

3. It is also claimed that the court erred in requiring plaintiff to submit to the taking of his deposition since defendant was in default and had no right to discovery. Plaintiff claims damages for physical injuries that he asserts arose from the assault alleged in the complaint. Even though liability was resolved by the default of defendant, the question of damages remained for resolution by a jury. Defendant has the right to introduce evidence on his own behalf on the issue of damages. It follows that he has the right to engage in discovery to include the taking of plaintiff's deposition on the issue. CPA §§ 26 (b) (1) and 30 (a) and (c). Code Ann. §§ 81A-126 (b) (1) and 81A-130 (a) and (c). Since plaintiff refused to comply with the court's order to submit to the taking of his deposition, the sanction of dismissal of the action was authorized. CPA § 37 (b) (2) (C).

4. All other enumerations of error are without merit.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1975 — DECIDED APRIL 7, 1975.

*E. B. Shaw,* for appellant.
*Henry Bowden, Ralph H. Witt,* for appellee.