## 35121. AMBASSADOR COLLEGE et al. v. GOETZKE.

MARSHALL, Justice.

Sally J. Goetzke (alternately spelled Geotzke and Goetke in the record) brought this action against Ambassador College — a nonprofit, California corporation founded, endowed and supported by the Worldwide Church of God — and Georgia residents Pope and McMillan, seeking to cancel deeds to certain real estate in Ben Hill County to the defendant college, executed by defendants Pope and McMillan as trustees under a real estate trust agreement executed by the plaintiff's mother three years prior to her death. The deeds, as well as the trust agreement, were sought to be set aside as a cloud on the title of the plaintiff, who was alleged to be the sole heir of the settlor of the trust, her mother.

The alleged grounds for cancellation were the settlor's failure to have the strength of mind and reason equal to a clear and full understanding of the nature and consequences of her act (Count 1); the settlor's lack of mental ability to understand business transactions, coupled with an inadequate consideration (Count 2); the establishment of a confidential relationship between the settlor and the defendant college to the extent of undue influence (Count 3); that the deed is unconscionable, unreasonable and unjust and of no force and effect as a conveyance of title (Count 4); and that the deeds and real estate trust agreement are testamentary in character (Count 5).

The plaintiff filed interrogatories and a request for production of documents against the college. No discovery was filed against the individual defendants. All three defendants timely answered. The defendant college objected to certain interrogatories and portions thereof and to one request for production. The trial court sustained the objections in part, denied the defendant college's motion for a protective order, and finally granted the relief prayed for in the complaint as a sanction for the defendant's failure to comply with a court order compelling the discovery, as authorized by Code Ann. § 81A-137(b)(2)(C) (Ga. L. 1966, pp. 609, 650; 1967, pp. 226,

235; 1970, p. 157; 1972, pp. 510, 530). The defendant college appeals from the judgment in favor of the plaintiff.

1. "This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622); *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291)." *Retail Credit Co. v. United Family Life Ins. Co.,* 130 Ga. App. 524 (3) (203 SE2d 760) (1974). Code Ann. § 81A-126 (b)(1) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510) provides in part as follows: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

The information sought — pertaining to the organization, mode of operation, and tactics of the defendant college vis-a-vis its securing the execution of deeds and real estate trust agreements — was relevant to this action for the cancellation of such deeds and a real estate trust agreement, where it is alleged that undue influence existed and that the deed was unconscionable, unreasonable, unjust, and of no force and effect as a conveyance of title.

The appellant college argues that the disclosures sought would violate its constitutional rights of free exercise and non-establishment of religion; freedom of association; privacy; and/or security in their persons, houses, paper and effects against unreasonable searches and seizures. Assuming that this appellant's objections were timely made and substantiated, they relate primarily to the admissibility in evidence of such information. The latter portion of Code Ann. § 81A-126 (b) (1), the first sentence of which was quoted hereinabove, is as follows: "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." As the information here sought appears reasonably calculated to

lead to the discovery of admissible evidence, and does not fall within any of the guidelines for entry of protective orders,[1] it was not error to compel the discovery and grant the sanction for noncompliance therewith.

2. The appellant college enumerates as error the denial of its motion to disqualify the plaintiff's counsel of record on the ground that her complaint is attacking the settlor's mental capacity, whereas another member of his law firm had prepared wills for the settlor, and would be expected to vouch for her testamentary capacity, thus creating a conflict of interests. It is not necessary to rule on this alleged error, however, because, even assuming the impropriety of the plaintiff's counsel's representation, the motion for his disqualification was made after the appellant's failure to comply with the order compelling discovery, which authorized the sanction of default judgment, as held in Division 1, supra. As the case never went to trial, the issue of the credibility of the plaintiff's counsel or of his law partner was never in issue, therefore no harmful error existed.

3. The trial judge did not err in entering judgment against all three of the defendants although only the defendant college failed to comply with the order compelling discovery. As the trial judge noted in his order, the individual defendants had quitclaimed any interest they had in the realty to the defendant college; therefore, they had no further interest in the relief granted against the noncomplying party defendant.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in Divisions 2, 3 and the judgment only.*

ARGUED JULY 11, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellants. *John T. Croley, Jr.,* for appellee.

---

[1]See Code Ann. § 81A-126(c); *Snead v. Pay-Less Rentals,* 134 Ga. App. 325 (5) (214 SE2d 412) (1975).

HILL, Justice, concurring.

The court below overruled the defendant's objections to plaintiff's interrogatories and request for production of documents, ordered the defendant to answer and produce, and as sanction for its failure to do so, entered judgment for plaintiff. Defendant has failed to show on this record, as it must as appellant, that the court lacked probable cause for ordering the defendant to answer the interrogatories and to produce the requested document. This, therefore, is not the case in which to consider defendant's fourth amendment claim.

However, in a proper case we should consider the question of whether the powers of the state (i.e., the civil practice rules relating to discovery) are being used by civil litigants pursuing unsubstantiated claims in violation of the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and whether the probable cause requirement of the fourth amendment relating to search warrants is applicable to civil discovery procedures and orders.