74433. JACK ECKERD DRUG COMPANY OF GEORGIA, INC. v. COVINGTON.
(358 SE2d 311)

BANKE, Presiding Judge.

This is an interlocutory appeal by the defendant in a personal injury case from an order compelling responses to interrogatories

served by the plaintiff. At issue is whether the discovery order was prohibited by Rule 5 of the Uniform State Court Rules, due to the fact that the plaintiff had not served the interrogatories within six months after the defendant filed its answer.

The complaint was filed on September 19, 1985, and the answer was filed on October 24, 1985. The plaintiff served the interrogatories about eight months later, on June 19, 1986. The defendant contends that the plaintiff's motion to compel responses to the interrogatories was barred under such circumstances by Rule 5 of the Uniform State Court Rules, which provides as follows: "In order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months after the filing of the answer unless for cause shown the time has been extended or shortened by court order." 253 Ga. at 816, 887. The trial court, however, apparently agreed with the plaintiff that Rule 5 was not applicable, due to the following proviso appearing both in a footnote to Rule 5 and in the preamble to the rules in general: "Rule 5 shall not be applied in any case prior to January 1, 1986." *Held*:

The complete language of the preamble with reference to the effective dates of the rules is as follows: "These rules shall be effective July 1, 1985, and shall apply to all pending cases, except that Rule 5 shall not be applied in any case prior to January 1, 1986." 253 Ga. at 800. In our view, the clear and unambiguous purpose of this proviso was to afford litigants with cases already pending on July 1, 1985, a six-month grace period to bring themselves in compliance with Rule 5. The proviso quite obviously does not, as contended by the plaintiff, purport to exempt completely from the application of Rule 5 all cases pending prior to January 1, 1986, nor do we believe it may reasonably be construed as extending the time for achieving compliance with Rule 5 to July 1, 1986. Since the plaintiff neither served his interrogatories within six months after the filing of the defendant's answer nor obtained an order extending the time period, and since expiration of the six-month period occurred after January 1, 1986, we consequently hold that the plaintiff was barred from seeking an order compelling responses to the interrogatories.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED JUNE 1, 1987.

*Bryan F. Dorsey*, for appellant.
*Julius Galler, David A. Swift*, for appellee.