## 74564. WHISENAUT v. GRAY.
(364 SE2d 285)

BEASLEY, Judge.

We granted this interlocutory appeal to consider a discovery dispute and the intent of the Uniform Superior Court Rules regarding discovery procedures.

Plaintiff Whisenaut was involved in a collision and sued the driver of the vehicle involved and Ms. Gray, the vehicle owner. Gray was served on January 20, 1986. No answer was filed within 45 days (30 days per OCGA § 9-11-12 (a) plus 15 days per OCGA § 9-11-55 (a)) leaving her in default (OCGA § 9-11-55 (a)). Her motion to open the default was denied on November 21, 1986.

A notice of appearance was filed by her counsel on September 3. He filed interrogatories and requests for production on October 3, a "Defense to Damages" on November 26, and a Motion to Compel Discovery on November 12. Plaintiff raised various objections to this motion, including that defendant had failed to comply with USCR 5 and 6.4 (B). The trial court nevertheless granted defendant's motion to compel, from which this appeal is taken. It is based solely on USCR 5, and that is all we consider.

1. USCR 5 provides that "[i]n order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months after

the filing of the answer unless for cause shown the time has been extended or shortened by court order." The USCR rules, enacted by the Supreme Court pursuant to Ga. Const. 1983, Art. VI, Sec. IX, Par. I, have the force and effect of law. *Dallas Blue Haven Pools v. Taslimi,* 180 Ga. App. 734, 736 (1) (350 SE2d 265) (1986), aff'd 256 Ga. 739 (354 SE2d 160) (1987).

The issue is not whether one in default may engage in discovery at all, as argued by Gray; it may be done. See *Taylor v. Stapp,* 134 Ga. App. 468 (3) (215 SE2d 23) (1975). This does not, however, resolve the issue of the failure to comply with the Rules.

The objective of the Rules is "to provide for the speedy, efficient and inexpensive resolution of disputes . . ." with some uniformity throughout the judicial system, as stated in the authorizing constitutional provision. One device for achieving this is Rule 5's cap on the period of time within which parties may engage in discovery. As any attorney engaged in litigation can attest, discovery can be and often is the most time consuming part of civil litigation.

The "answer" chosen by Rule 5 as the beginning point of the discovery period is plainly that pleading allowed in response to the complaint which initiates litigation. OCGA § 9-11-7 (a). It is this pleading which joins issue, including any with regard to damages. It does not encompass that "pleading" referred to in OCGA § 9-11-55 (a), as argued by defendant. The only purpose of the latter is to allow the defaulting party an opportunity to try the issue of damages to a jury.

The six-months' period for discovery with aid of the court's compulsory process is not unrealistically inflexible, since the Rule provides for extension or shortening of this period by court order obtained during it. No additional or other latitude is given if the defendant goes into default. The time period is to be measured from either the day the answer is actually filed or the 45th day after service on the defendant, the last day on which an answer may legally be filed without obtaining a discretionary extension from the court. If an extension is obtained, of course, then the period would be measured from the day the answer is actually filed within that extension.

It was not possible, as argued by defendant, for the court to "impliedly" extend the six-month period after its expiration. This is so because, for one thing, Rule 5 provides that the period may be extended only "for cause shown." No such showing of any cause is contained in the record before us.

Defendant was served and opted to do nothing for over seven months, when a counsel appearance was filed. The time periods are not computed from counsel's appearance, but from legal notice to the party of the suit. By lagging, defendant lost the benefit of the court's compulsory process.

Certainly the trial court has broad discretion over discovery pro-

cedures, see *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125 (1) (329 SE2d 208) (1985), but that discretion may not be exercised in violation of the Rules. See *Jack Eckerd Drug Co. v. Covington*, 183 Ga. App. 164, 165 (358 SE2d 311) (1987). Therefore, the order of the trial court compelling discovery from plaintiff outside the six-month period must be reversed.

2. This ruling makes unnecessary the consideration of the remaining enumeration.

*Judgment reversed. Birdsong, C. J., Deen, P. J., McMurray, P. J., and Banke, P. J., concur. Carley, Sognier, Pope, and Benham, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. I am in accord with the majority that the Uniform Rules for Superior Courts have an entirely laudable purpose. However, Rule 5 simply provides that "[i]n order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be . . . completed . . . within 6 months after the filing of the answer unless for cause shown the time has been extended or shortened by court order." 253 Ga. at 816. I cannot agree with the majority that the order appealed from is in violation of that rule. The rule is silent as to when the discovery period begins or ends in a situation such as this, where no answer is filed and the case goes into default. The majority, without citation to authority, holds that in such a situation, we are to calculate the six-month time period allowed for discovery beginning with the 45th day after service. However logical that addition to the rule may seem, in my view it is unwarranted and results in an injustice in this case.

There is no question that appellee has defaulted, and she will suffer the consequences of her failure to answer by forfeiting her chance to present evidence as to the issue of liability: she is liable for damages. But OCGA § 9-11-55 (a) specifically requires the plaintiff in an answer ex delicto or involving unliquidated damages to introduce evidence and establish the amount of damages even after the defendant has defaulted. The statute specifically gives the defaulting party the right to place the *amount* of damages in issue by filing a pleading raising such issue and to try the case — even to a jury, upon demand — as to damages. This would be but a hollow right without the ability to prepare one's case adequately, and in *Taylor v. Stapp*, 134 Ga. App. 468, 469 (3) (215 SE2d 23) (1975), we held that since the defaulting party has the undisputed right "to introduce evidence on his own behalf on the issue of damages [, i]t follows that he has the right to engage in discovery . . . [Cits.]"

OCGA § 9-11-55 (a) sets no time limit on the defaulting party's right to place the amount of damages in issue (except, of course, that

a defaulting party cannot contest the amount of damages after judgment has been entered) and I see no reason to limit the time indirectly by adding to the language of Rule 5 a requirement which enfeebles the right given in the statute. Appellant argues cogently that Rule 5 sets the filing of an answer as the commencement of the time allotted for discovery because that is when the issue is joined and the parties and counsel make their appearances. In this case, where no answer was filed, I would read Rule 5 to preserve that logic, and to harmonize it with OCGA § 9-11-55 (a), by allowing 6 months to conduct discovery, beginning from the date an appearance of counsel was filed. On that date, the issue was joined and parties and counsel were all identified. Reading the Rule in this manner, I find the discovery was proper and the trial court's ruling correct. It is also equitable, because the litigants here must share equally the blame for the delay. Although it is true that appellee "opted to do nothing" for over 7 months after service, it is also true that the statute gave appellant the right to present evidence and take his judgment any time after the 45th day, which he failed to do.

I find a second reason for affirming the trial court's ruling. I disagree with the majority's judgment that the trial court could not impliedly have extended the 6-month period in its order. The majority states that it was not possible for the court to do this because Rule 5 provides that the period may be extended only "for cause shown," and no such cause is contained in the record before us. However, the record before us indicates affirmatively that a hearing was held on the motion to compel discovery, but the record contains no transcript of that hearing. It is well established that " '[w]here there is no transcript of evidence before the court, we must assume that the evidence authorized the ruling below. [Cit.]' [Cit.]" *Estate of Sam Farkas v. Dougherty County School System*, 178 Ga. App. 135-136 (342 SE2d 501) (1986). We would be authorized, therefore, to assume that the trial court properly extended the time for cause shown.

Since I find the remaining argument advanced by appellant to be without merit, I would affirm the trial court's ruling.

I am authorized to state that Judge Carley, Judge Pope and Judge Benham join in this dissent.

DECIDED DECEMBER 1, 1987 —
REHEARING DENIED DECEMBER 18, 1987 —

*Larry D. Ruskaup*, for appellant.
*Kenneth R. Starr*, for appellee.