## 45415. GRAY v. WHISENAUT.
(368 SE2d 115)

GREGORY, Justice.

On January 14, 1986 Whisenaut filed suit against Gray to recover damages arising out of an automobile collision. Gray was served on January 20, 1986. No answer was filed within the time provided by law and the case went into default. On September 3, 1986 Gray's attorney filed a notice of appearance on her behalf. Gray seeks to contest damages under OCGA § 9-11-55 (a) and filed a motion to compel discovery on November 12, 1986. The trial court granted the motion to compel and Whisenaut obtained a certificate of immediate review. The Court of Appeals reversed. *Whisenaut v. Gray,* 185 Ga. App. 401 (364 SE2d 285) (1987).

Uniform Superior Court Rule 5 provides:

[i]n order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months after the *filing of the answer* unless for cause shown the time has been extended or shortened by court order. [Emphasis supplied.]

The Court of Appeals held the six-month discovery period provided by Rule 5 is to be measured from either the day the answer is actually filed or, in the event there is a default, from the 45th day after service on the defendant, the last day on which an answer may legally be filed without leave of court.

The language of Rule 5 persuades us, however, that the Rule does

not contemplate default situations. The Rule dates the beginning of the discovery period *only* from the filing of the answer. The Rule is silent as to the beginning of the discovery period when no answer has been filed, perhaps due to oversight in drafting the Rule. Therefore, the six-month limitation on the discovery period does not apply when no answer has been filed. The matter is left to the discretion of the trial judge. *Ambassador College v. Goetzke*, 244 Ga. 322 (260 SE2d 27) (1979). Under these circumstances we hold the trial court did not abuse its discretion in granting Gray's motion to compel discovery.

*Judgment reversed and remanded for consideration of the remaining issue. All the Justices concur.*

DECIDED APRIL 27, 1988 —
RECONSIDERATION DENIED MAY 26, 1988.

*Luther, Anderson, Cleary, Ruth & Speed, Kenneth R. Starr, Lawrence M. Hunter, Jr.,* for appellant.
*Larry D. Ruskaup,* for appellee.