### 74564. WHISENAUT v. GRAY.
(375 SE2d 619)

BEASLEY, Judge.
Our decision holding that the request for discovery was untimely as a matter of law, *Whisenaut v. Gray*, 185 Ga. App. 401 (364 SE2d 285) (1987), was reversed by the Supreme Court of Georgia and re-

manded on June 8 for our consideration of the remaining issue. *Gray v. Whisenaut*, Supreme Court of Georgia, 258 Ga. 242 (368 SE2d 115) (1988).

1. Our former opinion is vacated and the opinion of the Supreme Court is adopted instead.

2. The remaining question is whether the trial court erred in compelling plaintiff to answer the interrogatories and produce the documents as requested by defendant, rejecting plaintiff's objection that defendant's request constituted an unauthorized commingling of discovery procedures.

The document which defendant served on plaintiff's counsel is styled "Interrogatories and Requests for Production of Documents to Plaintiff." In the first paragraph it requests answers to interrogatories pursuant to OCGA § 9-11-33 as well as production of documents at defense counsel's office for inspection and copying, pursuant to OCGA § 9-11-34. Both are requested within 30 days.

A list of twenty-two follows. All but three are clearly interrogatories. They simply ask questions, although in two instances the party answering is given the option of submitting copies of described documents containing the same information, instead of supplying answers. Such a practice is provided for in OCGA § 9-11-33 (c), which section governs interrogatories.

In items 12, 13, and 14, defendant asks plaintiff to "Please produce pursuant to OCGA § 9-11-34" certain documents.

Appellant's argument with regard to the commingling of two discovery devices in the same document is that such a form is not authorized by the Civil Practice Act, that it is confusing and therefore hazardous to the addressee, and that it denies the addressee equal protection of the laws and due process of law in violation of both the federal and state constitutions. The trial court was not persuaded by this argument and neither are we.

Although the utilization of these two discovery devices is contained in the same document, it would be placing form over substance to hold as a matter of law that this rendered them avoidable by the party to whom they were addressed. In this case there is a clear delineation, the law applicable to each is cited, the procedure outlined is correctly stated, and plaintiff points to no part of it which he does not know how to respond to. Nor did he move for a protective order pursuant to OCGA § 9-11-26 (c).

The confusion which the discovering party created in *Bergen v. Cardiopul Med.*, 175 Ga. App. 700 (334 SE2d 28) (1985), the sole case cited by appellant, is not present here. In that case the party desiring documents and records served a notice to produce pursuant to OCGA § 24-10-26 and tried to convert it into a request to produce under OCGA § 9-11-34. But since the notice did not conform to the require-

ments of the latter section, it could not by alchemy be converted "into an entirely different discovery vehicle." Id. at 702.

The case cited by the Supreme Court in its opinion in this case, *Ambassador College v. Goetzke*, 244 Ga. 322, 323 (260 SE2d 27) (1979) repeats the rule that the appellate court "will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion." We find none here.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, and Benham, JJ., concur.*

DECIDED OCTOBER 27, 1988 —
REHEARING DENIED NOVEMBER 18, 1988 — 

*Larry D. Ruskaup*, for appellant.
*Kenneth R. Starr*, for appellee.