## A90A0171. MONROE v. BROOKS.
(393 SE2d 463)

DEEN, Presiding Judge.

This appeal arises from a $6,666.60 dispute between two lawyers over a fee that was paid to appellant Monroe in settlement of a case. The complaint and a notice to take deposition and notice to produce were filed by appellee Brooks, an Alabama attorney, in the Superior Court of Fulton County, the county in which Monroe's office was located, on March 3, 1988. The notice to take deposition and produce documents was set for April 21, 1988, but for unknown reasons Monroe was not served until May 5, 1988; he filed his answer and counter-claim on June 15, 1988. In response to Monroe's defense that he was a resident of Clayton County, Brooks moved on July 7, 1988, to transfer the case to the superior court of that county. An order to transfer the case was issued on September 23, 1988, and it was filed in the Clayton County Superior Court on October 5, 1988; the record is silent as to when it was docketed, a new case number assigned and notice given by the clerk as required by Rule 19.1 (I) of the Uniform Superior Court Rules.

On November 22, 1988, Brooks' attorney wrote Monroe requesting his deposition and the production of the documents originally sought on March 3, 1988, when the complaint was filed in Fulton County. Receiving no response, on January 10, 1989, Brooks filed a notice to take deposition and request for production of documents in the Superior Court of Fulton County. On January 17, 1989, Monroe filed a motion for protective order in that same court. No action was taken on these motions and after unsuccessful attempts to communicate with Monroe, on February 15, 1989, Brooks filed a motion to compel discovery in the Superior Court of Clayton County. A hearing was set for March 21, 1989, in the Clayton County Superior Court, after which the trial judge entered an order denying the motion to

compel because there was "no discovery pending before this court." On March 27, 1989, Monroe filed a motion for protective order in the Clayton County Superior Court, and on March 29 Brooks filed his motion to take deposition and request for production of documents in that court. In conjunction therewith, Brooks also filed a response to Monroe's motion for protective order and a motion to extend the time to complete discovery. A hearing was held on these motions on July 18, 1989, after which the Clayton County Superior Court entered an order partially granting Brooks' motion to compel and extending the time for completion of discovery an additional 90 days. The trial court issued a certificate for immediate review from this order, and we have granted Monroe's application for appeal pursuant to OCGA § 5-6-34 (b).

1. The first enumeration of error presents the question of whether, when a case is transferred from one court to another, the time for discovery under Rule 5 of the Uniform Superior Court Rules runs from the filing of the defendant's answer or from the date the case is transferred. Rule 5 provides: "In order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within [six] months after the filing of the answer. *At any time, the court, in its discretion, may extend, reopen or shorten the time for discovery.*" (Emphasis supplied.) Ga. Court and Bar Rules, § 3-13. Rule T-13 of the Uniform Transfer Rules states that "[u]pon receipt by the clerk of the court to which the case is transferred of the pleadings, orders, depositions and other papers specified above, such clerk shall assign the case the appropriate number. The case shall continue in the court to which transferred as though initially commenced there and all pleadings, orders, depositions and other papers shall be deemed to be amended accordingly." Id. at § 8-2.

In the instant case, the record shows that Brooks diligently pursued discovery, but was thwarted in his efforts by the delays in service, and the transfer and docketing of the case in the court of proper venue; and that because of Monroe's defense of improper venue, no discovery procedures could be initiated prior to the transfer on October 5, 1988, and docketing in the proper forum. The contested discovery was filed on January 10, 1989, although in the wrong court, and again on March 21, 1989, along with the motion to compel and extend the time in the Clayton County Superior Court. This was within six months of docketing in that court. The particular question presented here has not been previously confronted by the appellate courts of this state, nor do we believe it was contemplated by Rule 5. Thus, the decision as to whether the time period runs from the filing of the defendant's answer in the forum in which the complaint was originally

filed, or from the time the case is transferred to the court of proper venue, is one which must be left to the discretion of the trial judge. *Gray v. Whisenaut,* 258 Ga. 242 (368 SE2d 115) (1988); *Ambassador College v. Goetzke,* 244 Ga. 322 (260 SE2d 27) (1979). Under the circumstances here we conclude that the trial court did not abuse its discretion.

2. Monroe also raises the issue of whether the trial court could extend the time of discovery after the expiration of six months from the filing of his answer or the date of transfer, with or without good cause shown. Rule 5 does not require that cause for the extensions be shown by findings of fact contained in the order, but only that cause be shown. It was apparent from the motions to compel and from the evidence presented in the two hearings on this matter that the time of the discovery procedures could have been considerably shortened had Monroe communicated with Brooks' attorney; had he divulged the county of his residence before suit was filed; had he responded to Brooks' first requests and notices for discovery, even though notice was served late; had he consented to the transfer order; or had he responded to Brooks' later notice and requests for discovery, thereby avoiding the necessity for motions to compel. Under this showing the trial court clearly had cause to extend the time period before its expiration, running from the time the case was transferred; and it would be placing form over substance to hold as a matter of law that the trial court was without authority to grant an extension of time if more than six months had expired from the time it was first filed. Cf. *Whisenaut v. Gray,* 189 Ga. App. 314 (2) (375 SE2d 619) (1988). As previously stated, an appellate court will not reverse the trial court's decision on discovery matters absent a clear abuse of discretion, and we find none here.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1990.

*Harvey A. Monroe,* pro se.
*Crim & Bassler, Candler Crim, Jr.,* for appellee.