A05A0525. BULLARD v. BOULER et al.
(612 SE2d 513)

PER CURIAM.

Acting pro se, Linda McKeever Bullard appeals a $4,500 jury verdict in her favor arising out of her lawsuit against her neighbor (Joe Bouler) and his contractor for cutting down her red-tip photinia trees that were close to her property line with her neighbor. She argues that the court erred in extending the discovery period by 60 days, in allowing the jury to find against Bouler only, in denying her motion for new trial based on the inadequacy of the award, and in disregarding a post-trial juror affidavit that sought to impeach the verdict. We discern no error and affirm.

Construed in favor of the verdict, the evidence shows that Bouler hired a contractor to prune 12 red-tip photinia trees that were near the property line between his house and Bullard's house. Bouler did not discuss property boundaries with the contractor nor did he inform the contractor that the trees were located on Bullard's property. As the contractor was cutting the trees with a chain saw, Bullard exited her house and demanded that the contractor and his employees cease their efforts and that they get off her property. When the contractor did not respond, Bullard knocked on Bouler's door and told him to

---

[37] *Richardson v. Barber*, 241 Ga. App. 254, 255 (1) (527 SE2d 8) (1999).

instruct the contractor to cease the cutting and to exit her property. Bouler did not comply, and the contractor completed cutting the trees, which eventually died.

Bullard filed an action for trespass against Bouler and the contractor and his company. At trial, Bullard moved for a directed verdict on liability in her favor against both defendants, which motion the court denied.

As against Bouler, the jury found in favor of Bullard and awarded Bullard $4,500 in the only category of damages she sought: injury to her peace, happiness, and feelings.[1] The jury found in favor of the contractor and his company on liability. The court entered judgment on the verdict, which Bullard challenged in a motion for judgment notwithstanding the verdict (j.n.o.v.) and in a motion for new trial. The court denied both motions, leading to this appeal.

1. In her first enumeration, Bullard argues that the court erred in granting defendants' motion to extend the discovery period 60 days, which motion was filed after the discovery period had already expired. We hold that the trial court did not abuse its discretion in granting this motion, and that, in any case, Bullard has failed to show any harm from this alleged error.

Three weeks after the six-month discovery period had expired,[2] defendants moved the trial court to extend the discovery period 60 days so that they could schedule Bullard's deposition, which they had had some difficulty in scheduling due to Bullard's not responding to their requests therefor. On the same day that Bullard filed her response opposing the motion, the court granted the motion. The deposition went forward, which Bullard now (without explanation) claims gave her adversaries "a tremendous tactical advantage."

"A trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed unless a clear abuse of that discretion is shown." *Woelper v. Piedmont Cotton Mills*.[3] Reopening discovery to allow defendants to take Bullard's deposition, which had been delayed in part by her own actions, was hardly an abuse of discretion. See *Monroe v. Brooks*.[4]

Moreover, even if the court's decision had been an abuse of discretion, "to prevail on appeal, [Bullard] must show that the alleged error was harmful." *Brown v. Brewer*.[5] Here, Bullard failed to show how the taking of her deposition harmed her. This enumeration must

---

[1] See OCGA § 51-12-6.

[2] See Uniform Superior Court Rule 5.1.

[3] *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472, 473 (1) (467 SE2d 517) (1996).

[4] *Monroe v. Brooks*, 195 Ga. App. 310, 312 (2) (393 SE2d 463) (1990).

[5] *Brown v. Brewer*, 237 Ga. App. 145, 148 (3) (513 SE2d 10) (1999).

fail. See *Walker v. Walker*[6] (failure to demonstrate any harm caused by allegedly wrongful discovery order renders enumeration meritless).

2. Bullard's next five enumerations all hinge on the same argument: the trial court erred in not directing a verdict (or j.n.o.v.) against the defendants on liability. Bullard urges that the contractor's primary defense — that he and his company were innocent trespassers — was not supported by any evidence, and that the trial court should not have instructed the jury on this legal principle.

The appellate standard for reviewing the denial of directed verdict and j.n.o.v. motions (as well as motions for new trial based on general grounds) is well established. Construing the evidence in the light most favorable to the prevailing party, we must determine "whether there is any evidence to support the jury's verdict." *Ga. Power Co. v. Irvin*.[7] Similarly, even slight evidence will justify giving a jury charge so that the jury can decide an issue. *Jones v. Sperau*.[8]

Regarding Bouler, the jury found against him on liability and awarded Bullard damages. "Inasmuch as the jury returned a verdict in favor of plaintiff, any error in failing to direct a verdict is rendered moot." *Owens v. McGee & Oxford*.[9] See *Famiglietti v. Brevard Med. Investors*[10] ("[o]f course, if the verdict is for the movant [for directed verdict], the motion becomes moot"); *Rutland v. Fuels, Inc.*[11] (even small verdict moots plaintiff's directed verdict motion on liability).

Regarding the contractor and his company, the jury found there was no liability. The contractor's primary defense was the well-established "innocent trespasser" rule, which states that "an unintentional and nonnegligent entry onto another's land does not automatically subject an individual to liability even though the entry causes harm to the possessor." *C. W. Matthews Contracting Co. v. Wells*.[12] "Georgia law indeed recognizes the doctrine of the innocent trespasser, which protects individuals who enter the land of another under the mistaken belief that it is permissible to do so." *Nichols v. Ga. Television Co.*[13]

Some evidence supported a finding that the contractor was an innocent trespasser under this doctrine. Bouler testified that he did

---

[6] *Walker v. Walker*, 248 Ga. App. 177, 180 (9) (546 SE2d 315) (2001).

[7] *Ga. Power Co. v. Irvin*, 267 Ga. 760, 762 (1) (482 SE2d 362) (1997).

[8] *Jones v. Sperau*, 275 Ga. 213, 214 (2) (563 SE2d 863) (2002).

[9] *Owens v. McGee & Oxford*, 238 Ga. App. 497, 502 (6) (518 SE2d 699) (1999).

[10] *Famiglietti v. Brevard Med. Investors*, 197 Ga. App. 164, 167 (2) (397 SE2d 720) (1990).

[11] *Rutland v. Fuels, Inc.*, 135 Ga. App. 143, 144 (1) (217 SE2d 167) (1975).

[12] *C. W. Matthews Contracting Co. v. Wells*, 147 Ga. App. 457, 458 (1) (249 SE2d 281) (1978).

[13] *Nichols v. Ga. Television Co.*, 250 Ga. App. 789, 790 (1) (552 SE2d 550) (2001).

not tell the contractor about the property line or inform him that the trees belonged to Bullard. The contractor similarly testified that he did not know (a) the trees belonged to Bullard, (b) the trees were on her property, or (c) he was trespassing on her property. The contractor stated he and his company's employees were simply performing the pruning requested by Bouler and that he believed it was permissible to do so. Contrary testimony from Bullard or even from the contractor himself does not diminish the fact that some evidence supported a finding of innocent trespassing and thus would sustain a verdict of no liability against the contractor and his company. The fact that Bouler was found liable for trespassing, but not the innocent contractor he employed, did not render the verdict inconsistent. *Klingshirn v. McNeal*[14] (landowner found liable for having employed contractor to remove neighbor's trees, but unknowing contractor found not liable; held to be consistent).

Accordingly, Bullard's related enumerations of error (Nos. 2, 3, 4, 5, and 6) must fail.

3. In her seventh enumeration, Bullard argues the damage award of $4,500 was too small and showed undue bias against her. She urges that the trial court should have granted her a new trial.

"The question of damages being one for the jury, a reviewing court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias."[15] Here, Bullard sought damages exclusively under OCGA § 51-12-6, which provides: "In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors." Where the enlightened conscience of impartial jurors is the determining factor, "[w]e decline to substitute our judgment based upon a cold record for that of enlightened jurors who heard the evidence and saw the witnesses." (Punctuation omitted.) *McCormick v. Harris.*[16] We discern no undue bias in the $4,500 amount awarded by the jurors for the injury to Bullard's happiness, peace, and feelings for Bouler's cutting some trees on Bullard's property. Cf. id. (approving $1,500 verdict for injury to plaintiff's knee despite evidence of medical bills exceeding $3,000); *Rutland*, supra at 144-145 (2) (approving $500 verdict for loss of consortium arising from car accident). Bullard's argument that some evidence showed that the replacement costs of the trees exceeded $7,000 is irrelevant, as she did not seek replacement damages but sought only the injury

---

[14] *Klingshirn v. McNeal*, 239 Ga. App. 112, 113 (1) (520 SE2d 761) (1999).

[15] OCGA § 13-6-4.

[16] *McCormick v. Harris*, 253 Ga. App. 417, 419 (3) (559 SE2d 158) (2002).

to her happiness, peace, and feelings under OCGA § 51-12-6.

4. In her final enumeration, Bullard contends that the trial court erred in refusing to consider the jury foreman's affidavit in which the foreman claimed that the jury allowed sympathy for the innocent contractor to influence its decision. Bullard claims that the affidavit did not impeach the verdict but merely explained it.

"The affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 9-10-9. See *Hensley v. Henry*[17] (juror's affidavit will only be allowed to explain a verdict *in an attempt to sustain it*, not to impeach it). Although Bullard claims that the affidavit did not impeach the verdict, Bullard tellingly sought below to overturn that verdict on the ground that the jury ignored the court's instruction forbidding them to allow sympathy to influence their verdict. See *Aguilar v. State*[18] (State may not bring in juror affidavit showing that jury acquitted defendant because the jury felt that events had punished him enough). "[N]othing coming from the juror, either directly or indirectly, with respect to the manner in which a verdict was arrived at, will be heard to impeach the same. That the verdict was caused by *mistake*, or a misunderstanding of the evidence, as disclosed by a member of the jury, will not be heard." (Citation and punctuation omitted; emphasis in original.) *Perryman v. Rosenbaum.*[19] As Bullard sought to impeach the verdict through the juror's affidavit, the court did not err in disregarding same.

*Judgment affirmed. All the Judges concur.*

DECIDED MARCH 11, 2005 —
RECONSIDERATION DENIED MARCH 23, 2005.

Linda M. Bullard, *pro se.*

*Temple, Strickland, Counts & Dinges, William D. Temple, Frederick A. Johnson*, for appellees.

---

[17] *Hensley v. Henry*, 246 Ga. App. 417, 422 (4) (541 SE2d 398) (2000).
[18] *Aguilar v. State*, 240 Ga. 830, 832 (1) (242 SE2d 620) (1978).
[19] *Perryman v. Rosenbaum*, 205 Ga. App. 784, 786 (2) (a) (423 SE2d 673) (1992).