## A07A0245. BULLARD v. BOULER.

(649 SE2d 311)

ADAMS, Judge.

Linda McKeever Bullard contends her neighbor slandered her, and she filed suit. The trial court granted summary judgment in favor of the defendant, Joe Bouler, and Bullard appeals.

The undisputed facts show that the two neighbors have had a prior dispute. See, e.g., *Bullard v. Bouler*, 272 Ga. App. 397 (612 SE2d 513) (2005). In that case, we affirmed an award in favor of Bullard in a trespass suit in which she claimed that Bouler had caused trees on her property to be cut down. Id.

In the present case, construed in favor of Bullard, the facts show that on April 12, 2003, Bullard took pictures of the trees that had been cut down as evidence for the trespass suit. Shortly thereafter, Officer R. J. Finley of the Fulton County Police Department came to her door and asked to speak to her. Officer Finley explained that Bouler had complained that she was taking pictures of Bouler's wife in their own backyard. Bullard denied the accusation and explained about the trees. Officer Finley then stated that Bouler also said she had been posting signs in her window that said, "9-11, F_ _ _ You." Bouler claimed to have other witnesses who had seen these signs. In Bullard's opinion, Officer Finley reported these allegations "with a look of utter contempt." Bullard vehemently denied the charge to Finley and, later, in an affidavit filed in this case. In a sworn statement, Finley corroborated Bullard's testimony and said that Bouler had told him that she had posted signs in a window "of a vulgar nature" that said "9-11 F_ _ _ You" and that he had witnesses.

Bullard filed a verified complaint against Bouler and his wife, who was later dropped from the suit, in which she alleged that Bouler's statement damaged her by accusing her "of a debasing act that may exclude her from all of American society." Following discovery, the trial court granted Bouler's motion for summary judgment. It held that the words spoken were not slanderous because they were "an expression of pure opinion, which is neither provable as true nor as false."

Bullard has alleged a claim of slander or oral defamation under OCGA § 51-5-4 (a) (2), which defines one form of defamation as "Charging a person . . . with being guilty of some debasing act which

may exclude him from society." For this form of defamation, damage is inferred. OCGA § 51-5-4 (b). Consequently, this tort is referred to as "slander per se." See *Bellemeade, LLC v. Stoker*, 280 Ga. 635, 637 (631 SE2d 693) (2006). In all actions for printed or spoken defamation, "malice is inferred from the character of the charge." OCGA § 51-5-5.

The Supreme Court of Georgia has recently explained that in order to constitute slander per se the words must be injurious on their face, extrinsic facts may not be considered, and it is inappropriate to rely on innuendo:

> [A] court looks to the plain import of the words spoken in order to ascertain whether the words constitute slander per se. To be slander per se, the words are those which are recognized as injurious on their face — without the aid of extrinsic proof. Should extrinsic facts be necessary to establish the defamatory character of the words, the words may constitute slander, but they do not constitute slander per se. Thus, the court may not hunt for a strained construction in order to hold the words used as being defamatory as a matter of law, and the negative inference a hearer might take from the words does not subject the speaker to liability for slander per se. Furthermore, when words are defamatory per se, innuendo — which merely explains ambiguity where the precise meaning of terms used in the allegedly slanderous statement may require elucidation — is not needed.

(Citations and punctuation omitted.) *Bellemeade, LLC*, 280 Ga. at 637-638. As explained above, one can refer to innuendo and extrinsic facts to prove slander, but proof of special damages — not present here — would also be required.

In this case, we hold that any slanderous meaning applicable to Bullard from a statement that she had posted a sign with the words "9-11 F_ _ _ You" is not apparent in the plain meaning of Bouler's statement. At most, Bouler's words mean that Bullard is the type of person who would say to the public, "Nine-eleven, F_ _ _ You." In order to know what sort of person is being described, we would need to know the meaning of the sign itself. And its meaning is at best ambiguous. Bullard contends Bouler was asserting that she was the type of person who would disparage America's loss on September 11, 2001 and that Bouler intended to inflame Officer Finley, a "first responder," who might have taken offense at that thought. Given that meaning, Bouler's words may very well constitute slander, but they do not constitute slander per se because that meaning is not apparent

from the plain meaning of the words. Accordingly, Bouler was entitled to summary judgment on the claim of slander per se. See *Bellemeade, LLC*, 280 Ga. at 639.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 29, 2007.

Linda M. Bullard, *pro se.*

*Temple, Strickland, Counts & Dinges, William D. Temple*, for appellee.