75474. CLOUGH et al. v. LIVELY et al.
(367 SE2d 295)

Benham, Judge.

Officer G. S. Trust of the DeKalb County Police Department responded to an accident call and found Keith Lively, appellees' son, semiconscious in an automobile that had left the road and struck a utility post. Lively's eyes were closed and his head was tilted back on the headrest. The officer found a partially consumed pint of brandy and a prescription bottle on the car seat. The officer aroused Lively by calling out, and when Lively responded, Trust discovered that Lively's speech was slurred and that he was unsteady on his feet. It also appeared that Lively was not "seriously injured." The officer asked Lively whether he had consumed any of the contents of the prescription bottle, and Lively informed him that he had taken two pills. Feeling that Lively was intoxicated, the officer took him to appellant Shallowford Community Hospital, Inc. (Shallowford) in order that a blood sample might be taken. When they arrived at the hospital, Trust told hospital personnel that Lively might have taken medication. Mrs. Clough, a registered nurse at Shallowford, took a blood sample, checked Lively's vital signs, and made a diagnosis of his condition. Lively was then released to Officer Trust, who took him to the

DeKalb County Jail for processing. Shortly after they arrived at the jail, Lively lapsed into a coma and was taken by emergency personnel to DeKalb General Hospital, where he later died. Appellees, Lively's parents, brought a negligence action against Officer Trust, appellants, and others for the death of their son. Appellants Clough and Shallowford Hospital moved for summary judgment, which was denied by the trial court, and this interlocutory appeal followed. We affirm the trial court's denial of summary judgment.

1. Arguing that a professional duty of care arises only when the patient and health provider consent to that relationship, appellants contend that they were entitled to summary judgment because the record reflects that no patient-health provider relationship existed between the decedent and appellant, as decedent did not consent to an examination or treatment. See *Bradley Center v. Wessner*, 250 Ga. 199 (296 SE2d 693) (1982). However, our review of the record leads us to a contrary conclusion since the decedent consented to the drawing of his blood, and it is undisputed that appellant Clough, acting as an employee of appellant Shallowford, performed that task. The hospital records reflect that Clough also took the decedent's vital signs and made a diagnosis of his condition. In her affidavit, Clough avers that her "sole involvement . . . was in complying with the written request . . . that a blood sample be taken from [the decedent]." OCGA § 40-6-392 (a) (2) insulates Clough and Shallowford from civil liability for the "medically proper obtaining of . . . blood specimens" to be used for drug/alcohol testing. There is no evidence, however, that Clough performed the tasks commensurate with obtaining a blood sample in a "medically proper" fashion.

"The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. [Cits.] . . . There is no duty placed upon the plaintiff to produce evidence until the defendant's evidence pierces the plaintiff's pleadings and demands a finding in defendant's favor on the particular issue of fact made by the pleadings." *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465) (1983). Since appellants did not carry their burden of proof they were not entitled to summary judgment, regardless of the sufficiency of appellees' response.

2. Appellants also contend that the trial court erred in ruling that their "affidavits will not be considered totally unopposed according to OCGA § 9-11-56 (f), which authorized the Court to refuse the granting of summary judgment where the responding party cannot supply countering affidavits." According to appellants, there were no affidavits of a party opposing the motion, and therefore, as a matter of law, the trial court should have ruled in their favor. Our review of

the record shows that appellees filed an affidavit stating that their son, the decedent, would have been the only individual with personal knowledge of the circumstances and facts in this matter sufficient to oppose and rebut the affidavit of Officer Trust attached to his motion for partial summary judgment, and that they could not obtain an opposing affidavit as required by OCGA § 9-11-56 (e). The trial court apparently relied on appellees' affidavit in rendering its decision, and we find no error in its having done so. Even though the affidavit states that it is in response to Officer Trust's motion for summary judgment, it is still a part of the record in the case and the trial court was entitled to rely upon it in reaching its decision. This is especially true in view of the fact that appellants relied on Officer Trust's affidavit in making their motion and thereby opened the way for appellees to rely on affidavits in response to Officer Trust's affidavit.

To answer appellants' argument that no purpose is served by denying their motion since the information sought by appellees will still be unavailable at trial due to Lively's death, we reiterate the holding in Division 1 of this opinion, i.e., in order to be entitled to a grant of summary judgment appellants as movants are required to meet their burden of proof, whether appellees respond or not. Appellants did not carry sufficiently their burden, and so summary judgment was properly denied. Compare *United States Fire Ins. Co. v. Cowley & Assoc.*, 183 Ga. App. 478 (359 SE2d 160) (1987), in which summary judgment was granted to the movant in spite of the fact that the opposing party's best witnesses were deceased and therefore unavailable for testimony, because the movant had affirmatively negated the elements necessary to the respondent's recovery.

*Judgment affirmed. Banke, P. J., concurs specially. Carley, J., concurs in judgment only.*

BANKE, Presiding Judge, concurring specially.

It may be inferred from the hospital report that at the time appellant Clough drew the blood sample she also took the decedent's pulse, blood pressure, and temperature, and received information that the decedent might have been taking medication. Unlike the majority, I do not find any indication on the report that a medical diagnosis was made or attempted. Rather, the report merely specifies that the decedent had been in an auto accident and that he had been brought to the hospital by the police "to have blood alcohol drawn." However, because the decedent's vital signs were taken and because no expert testimony was offered tending to establish that, interpreted in the context of his demeanor and the information regarding his possible drug use, his vital signs revealed no need for immediate medical treatment, I agree that the appellants failed to establish that they were entitled to summary judgment.

418

*Robert L. Goldstucker,* for appellants.

*Michael R. Hauptman, Robert G. Rothstein, Wade H. Watson III,* for appellees.