A89A1163. CLOUGH et al. v. LIVELY et al.
(387 SE2d 573)

McMURRAY, Presiding Judge.

This is the second appearance of the case sub judice before this court on interlocutory appeal. Following our decision in *Clough v. Lively*, 186 Ga. App. 415 (367 SE2d 295), appellants Clough and Shal-

lowford Community Hospital, Inc. (Shallowford Hospital) filed their second motion for summary judgment supported by evidence that Clough had performed the task of obtaining a blood sample from appellees' decedent (Lively) in a medically proper fashion, that is, in a manner which met or exceeded the standard of care exercised by the medical profession in general when performing such a task. Appellees' opposition to the second motion for summary judgment also incorporated new evidence, the affidavit of a physician specializing in emergency medicine who stated that based on his review of the hospital records and affidavits submitted in the case sub judice, medical evaluation and treatment was indicated by Lively's condition at the time of his arrival at appellant Shallowford Hospital and that appellant Clough deviated from accepted nursing practices and standards in failing to notify the emergency physician of Lively's presence and in permitting Lively to leave the emergency department in an unimproved condition. Appellees' expert states that the need for immediate medical evaluation and treatment of Lively was evident.

The superior court denied the appellants' second motion for summary judgment. Subsequently, we granted appellants' application for interlocutory appeal from the denial of their second motion for summary judgment.

Upon arrival at the hospital the arresting officer told emergency room personnel that Lively was there to have a blood sample taken. The officer submitted a written request to have a blood sample withdrawn from Lively for purposes of a test for alcohol or drug content. Lively signed a consent for obtention of the blood sample. Appellant Clough was not asked, nor did she undertake to perform, any examination or render any medical treatment to Lively. When asked by appellant Clough if he either needed or desired medical treatment Lively stated that he did not. Appellant Clough stated that her involvement on behalf of appellant Shallowford Hospital was solely for the purpose of compliance with the officer's written request that a blood sample be taken from Lively.

Appellees contend that appellants accepted Lively as a patient, failed to perform a correct diagnosis and failed to treat Lively, and that as a result thereof, Lively is dead. Appellants contend that no patient-health care provider relationship existed between themselves and Lively.

The general rule is that in the absence of a patient-health care provider relationship (and the duties arising therefrom) there can be no liability for medical malpractice. *Peace v. Weisman*, 186 Ga. App. 697, 698 (1) (368 SE2d 319). Albeit, there are inapplicable exceptions to the general rule. Compare *Bradley Center v. Wessner*, 250 Ga. 199, 200, 201 (296 SE2d 693). The patient-health care provider relationship is a consensual one wherein the patient knowingly seeks the as-

sistance of a health care provider. *Bradley Center v. Wessner*, 250 Ga. 199, 201, supra; *Buttersworth v. Swint*, 53 Ga. App. 602, 603, 604 (186 SE 770); *Clanton v. Von Haam*, 177 Ga. App. 694 (340 SE2d 627). Thus, as the uncontroverted evidence shows that Lively declined to enter into a patient-health care provider relationship any broader than necessary to accomplish the drawing of a blood sample, no relationship was created which gave rise to the level of professional duty advocated by appellees.

Appellees argue that appellants, by consenting to draw the blood sample from Lively, consented to an unbounded relationship with Lively and thus were obliged to use due care to recognize Lively's need for treatment. We reject this proposition since neither appellants nor Lively consented to such a relationship and there is clearly no reason that the parties to such a relationship may not specify its parameters.

Appellant Clough's testimony that no examination or treatment of Lively was undertaken is not contradicted by evidence that Lively's vital signs were taken and information received that he had been taking medication. There is nothing to suggest that receiving information was inconsistent with the limited relationship between appellants and Lively.

The trial court erred in denying the motion for summary judgment of appellants Clough and Shallowford Hospital.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989 —
REHEARING DENIED OCTOBER 26, 1989 —

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker, Michael D. Hostetter*, for appellants.

*Michael R. Hauptman, Robert G. Rothstein*, for appellees.

