A91A0752. COLE et al. v. LUCAS.
(411 SE2d 284)

POPE, Judge.

Plaintiff Marjorie Lucas filed a complaint for damages and injunctive relief against defendants William and Peggy Cole alleging, inter alia, that the boundaries of her land lot were as described in the survey plat attached to her complaint and that defendants had trespassed and encroached upon her property and torn down fence posts which she had erected on her property in an attempt to build a fence. A default judgment was entered against defendants and we granted their petition for discretionary appeal.

The record shows the complaint was served upon defendants April 14, 1988. No answer was filed within the 30-day period required by OCGA § 9-11-12 nor within the 15-day extension period provided by OCGA § 9-11-55 (a). A default judgment was entered June 2, 1988, decreeing that the boundaries of plaintiff's property were as described in plaintiff's complaint, including the survey plat attached as an exhibit to the complaint; enjoining defendants from trespassing upon plaintiff's property; and leaving the issue of plaintiff's damages for trial. The following day an untimely answer was filed by the attorney first representing defendants. In January of 1989, a notice of appearance to represent defendants was filed by a different law firm. It was not until June 14, 1989, over one year after entry of default judgment and six months after the appearance of the defendants' new attorneys that a motion to open the default judgment was filed. The motion was denied and the issue of damages was tried. Judgment was entered on the verdict awarding plaintiff $1,000 in damages.

1. Defendants argue the trial court erred in denying their motion to open default. Defendants presented evidence that the failure to file a timely answer to plaintiff's complaint was due to the negligence of

their first attorney. They argue they reasonably relied upon their attorney to file a timely answer and should be entitled to open the default. In support of this argument, defendants cite cases in which this court held the negligence of an insurance company to have an answer timely filed should not prevent the insured defendant from opening a default judgment when the defendant timely forwarded the complaint to the insurer. See, e.g., *Powell v. Eskins*, 193 Ga. App. 144 (387 SE2d 389) (1989).

Assuming, without deciding, that the error or oversight of a defendant's attorney to file a timely answer to a complaint should be treated the same as that of an insurance company, we hold the trial court did not abuse its discretion in denying the motion to open default in this case. "In cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and [the court] must look at each in the light of the facts peculiar to that particular case." *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977). In *Powell v. Eskins*, supra, and the pertinent cases cited therein, the defaulting defendant acted promptly to open the default upon learning no answer had been filed. Here, however, defendants did not move to open the default judgment until one year after the judgment was entered and six months after they had hired new counsel and presumably knew that the default judgment had been entered. "[W]e hold that the trial judge was entitled to consider this additional delay in determining whether the [defendants'] neglect was excusable. Thus, we cannot conclude that the judge abused his discretion in denying the motion to open the default." *Georgia Farm Bldgs. v. Willard*, 170 Ga. App. 327, 330 (4) (317 SE2d 229) (1984).

2. The complaint prayed only for damages and an injunction from trespass. It did not pray for a processioning of the boundary. The default judgment, however, declared the boundary between plaintiff's lot and defendants' lot to be the boundary described in plaintiff's complaint. Defendants argue the default judgment thus violated the provisions of OCGA § 9-11-54 (c) (1) because it was different from the judgment prayed for in the demand for judgment. If a case is in default, however, the plaintiff is entitled to judgment as if every averment of the complaint is supported by proper evidence. OCGA § 9-11-55 (a). Plaintiff's complaint described the boundary between the two lots and alleged the boundary was properly set forth in the survey plat attached as an exhibit to the complaint. Because they were in default, defendants were estopped from contesting the boundary issue and the trial court did not err in declaring the boundary in the default judgment. See *Flanders v. Hill Aircraft &c. Corp.*, 137 Ga. App. 286 (223 SE2d 482) (1976).

3. Because the trial court did not err in denying defendants' mo-

tion to open the default and did not err in granting default judgment, we find no ground for reversing the judgment entered on the verdict in the trial on plaintiff's damages.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATIONS DENIED SEPTEMBER 19, 1991 AND
OCTOBER 8, 1991 — ▮

▮

*Glaze, Fincher & Bray, Kirby A. Glaze, William A. Grabbe*, for appellants.
*William E. Frey*, for appellee.