### A91A1564. EVANS v. WILLIS et al.
(418 SE2d 73)

JOHNSON, Judge.

The appellees, L. D. and Marilyn Willis, sued the appellant, William L. Evans, d/b/a Deluxe Cleaners, seeking to recover damages for the latter's alleged conversion of a wedding dress which the Willises had left at his retail dry cleaning establishment in 1965. In addition to damages for the loss of the dress itself, the Willises sought actual and punitive damages for intentional infliction of emotional distress,

---

[1] For right to direct appeal of grant of summary judgment, see OCGA § 9-11-56 (h).

plus attorney fees based on Evans' alleged stubborn litigiousness in refusing to pay the claim.

The complaint was filed on November 20, 1987, and was served upon Evans on December 9, 1987, with the result that the 30-day period within which he was required to file his responsive pleadings expired on January 8, 1988. See generally OCGA § 9-11-12 (a). Although Evans' answer contains a certificate of service specifying it was served upon opposing counsel by mail on that date, the answer was not actually filed with the clerk's office until the next business day, January 11, 1988. More than 30 months later, on July 23, 1990, the Willises filed a "motion to strike and for entry of default judgment." Evans responded on September 19, 1990, by filing a motion to open the default, accompanied by payment of costs and by his affidavit verifying the previously filed answer. However, following a hearing, the trial court denied Evans' motion and entered judgment against him with respect to liability, reserving the issue of damages for trial. A jury subsequently awarded the Willises $1,000 each as actual damages for the conversion of the dress, $500 each as damages for emotional distress, and $1,421.50 each as attorney fees. This appeal followed.

1. "Under OCGA § 9-11-55 (b), 'a prejudgment default (may) be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause; (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath; (2) offer to plead instanter; (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. (Cits.)' [Cit.]" *Grayson & Hollingsworth v. C. Hennings Studios,* 194 Ga. App. 531, 532 (391 SE2d 8) (1990). There appears to be no dispute that the four "conditions" were met in this case. In particular, Evans offered testimony under oath which, if believed, would establish a meritorious defense to the complaint. *Stinson v. Ga. Dept. of Human Resources,* 171 Ga. App. 303 (5) (319 SE2d 508) (1984). The dispute is over whether the trial judge abused its discretion in concluding that Evans had failed to make a "proper case" for opening the default.

" 'The rule permitting opening of default is remedial in nature and should be liberally applied (cit.), for default judgment is a drastic sanction that should be invoked only in extreme situations. (Cits.) Whenever possible cases should be decided on their merits for default judgment is not favored in law. . . . Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense. (Cit.)' [Cit.]" *Whitley v. Bank South, N.A.,* 185 Ga. App. 896, 898 (366 SE2d 182) (1988).

In *West v. Smith,* 196 Ga. App. 69 (395 SE2d 302) (1990) (cert. denied), this court held that where, as here, the defendant's responsive pleadings were timely served but filed a day late, the plaintiff made no issue of the lateness of the answer until it was too late for

the default to be opened as a matter of right, pursuant to OCGA § 9-11-55 (a), and the defendant offered evidence under oath which, if believed, would establish a meritorious defense to the complaint, the trial court abused its discretion in refusing to open the default. In accordance with that decision, we likewise hold that the trial court erred in refusing to open the default in the present case.

2. Evans' remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992 —

*Edward J. Magner, Jr.,* for appellant.
*Walter C. Herin, Jr.,* for appellees.