A92A1492. ROGERS et al. v. CORONET INSURANCE
COMPANY et al.
(424 SE2d 338)

BIRDSONG, Presiding Judge.
Appellants appeal the order of the trial court granting appellee/defendant Dr. Manard, D.C. the right to open his default, granting his motion to dismiss and motion for summary judgment, and finding his motion to compel discovery moot. Pursuant to OCGA § 9-11-54 (b), the order contained the determination and direction for final judg-

ment.

In December 1989, appellants were in an automobile collision; appellant Rogers was driving, and appellant Vaughn and T. Niles (a minor who is represented b/n/f and guardian, S. Niles) were passengers. Appellants demanded no-fault benefits from Rogers' insurance policy, underwritten by appellees Coronet Insurance Company and Insurance Services Underwriters, Inc. Appellee Manard is a licensed chiropractor employed by Howell Industrial Clinic, which operates the Center for Independent Medical Examination. As such, Dr. Manard performed independent chiropractic examinations upon appellants, pursuant to a request by the insurance company of appellant Trenton Rogers against whom appellants had filed personal injury protection (PIP) claims. Dr. Manard performed separate, independent chiropractic examinations on each appellant without consulting their x-rays or other medical records in the possession of appellants' chiropractor. Dr. Manard subsequently submitted reports to the insurance company concluding inter alia that while appellants were in pain they would not benefit from further treatment. The insurance company allegedly stopped PIP claim payments to appellants after receiving this report.

Appellants brought suit against Dr. Manard, the insurance company, and the insurance underwriters; attached to the original complaint is the affidavit of appellants' chiropractor. On the summons, appellants' counsel characterized the suit as being in "contract" and "medical malpractice." Appellee Manard filed his answer 35 days after service of summons and complaint, averring therein the affirmative defense of failure to state a claim upon which relief can be granted, and contemporaneously filed a motion to dismiss the original complaint. At this time appellee Manard, being unaware of the default, did not pay costs. Subsequently, appellants filed an amended complaint with an affidavit of their chiropractor attached; the amended complaint has the effect of making more definite the averments pertaining to the original claim and includes a new count of tortious interference with contract. Appellee Manard responded by filing a motion for summary judgment. The record reflects appellee was not aware of the default until approximately two months thereafter when appellants moved to strike his answer following the filing of the summary judgment motion. Appellee Manard moved to open default the day after learning of the motion to strike. *Held*:

1. Factual assertions in briefs not supported by evidence of record cannot be considered on appellate review. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (366 SE2d 223). Further, a brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. *Cotton States &c. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33). Any argument or assertion, founded

upon a particular portion of the evidence, must be supported by a reference to the page or pages in the transcript where the evidence may be found. Court of Appeals Rule 15 (c) (3) (ii). It is not the function of this court to cull the record on behalf of a party in search of error. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251), citing *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (386 SE2d 709). We will apply these well-settled rules of appellate procedure to this appeal.

2. On appeal the test to determine whether the trial court erred in opening default is not whether this court would have granted or denied the motion had it been ruling thereon at the trial level. *OCGA § 9-11-55 (b) allows prejudgment default to be opened on one of three grounds if four conditions are met.* See generally *Powell v. Eskins*, 193 Ga. App. 144, 145 (387 SE2d 389). " '(T)he question of whether to open a default on one of the three grounds . . . rests within the discretion of the trial judge.' " Id.

" ' "The rule permitting opening of default is remedial in nature and should be liberally applied (cit.), for default judgment is a drastic sanction that should be invoked only in *extreme* situations. (Cits.) Whenever possible cases should be decided on their merits for default judgment is not favored in law. . . . Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense." ' " (Emphasis supplied.) *Evans v. Willis*, 203 Ga. App. 699, 700 (418 SE2d 73). In determining whether a situation is extreme, among the factors which *may* be considered, but which will *not* standing alone authorize the opening of default pursuant to OCGA § 9-11-55 (b), are: whether and how the opposing party will be prejudiced by opening the default (*Powell*, supra); whether the opposing party elected not to raise the default issue until after the time under OCGA § 9-11-55 (a) had expired for the defaulting party to open default as a matter of right (*Evans*, supra); and whether the defaulting party acted promptly to open the default upon learning no answer had been either filed or timely filed (*Cole v. Lucas*, 201 Ga. App. 423, 424 (411 SE2d 284)). Further, any additional delay occasioned by a failure to file promptly for opening default upon its discovery can be considered in determining whether defendants' neglect was excusable. Id. at 424.

Thus it appears, " '[t]he facts in each case are different and (the court) must look at each in the light of the facts peculiar to that particular case.' " Id. at 424. In this instance, evidence of record establishes counsel for appellees was unaware at the time he filed his answer that it had been filed 35 days after service. Appellee Manard had erroneously informed his counsel, apparently relying on an unexplained pencil notation appearing on his copy of the summons that process had been served on November 10, 1991, when in fact he had

been served on November 5, 1991. Appellants did not raise the issue of default until February 1992, and appellees' counsel filed a motion to open default and paid costs the day after he became aware of the default. Further, notwithstanding trial court inquiry, appellants failed to establish any specific claim of prejudice that would inure from the opening of default. Compare *Whitley v. Bank South*, 185 Ga. App. 896 (2) (366 SE2d 182).

The motion asserted "excusable neglect" and satisfied the four conditions of OCGA § 9-11-55 (b). (In this regard, we find unpersuasive appellants' argument that appellees could not be ready to proceed with trial merely because a motion to dismiss and motion for summary judgment were pending, which the record reveals were scheduled for hearing, with appellants' acquiescence, immediately following resolution of the motion to open default.) The trial court found the existence of "excusable neglect" and granted the motion to open default. Under the existing circumstances, the record will not support a finding of abuse of discretion by the trial court. The enumeration is without merit.

3. Appellants assert the trial court erred in granting appellee Manard's motion to dismiss. We disagree.

The original and amended complaints on their face both failed to state a claim on which relief can be granted based upon professional malpractice. "[T]here can be no liability for malpractice [on the part of a chiropractor] in the absence of [a doctor]-patient relationship. '(T)here are three essential elements imposing liability upon which recovery is bottomed: (1) The duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained.' [Cits.] 'In such cases, called "classic medical malpractice actions" . . . , doctor-patient privity is essential because it is this "relation . . . which is a result of a consensual transaction" that establishes the legal duty to conform to a standard of conduct.' " *Peace v. Weisman*, 186 Ga. App. 697, 698 (1) (368 SE2d 319). Moreover, the allegations in the complaints that appellee Manard "kept telling [appellants] that they were not in pain and no further chiropractic treatment was necessary to treat their injuries" would not per se give rise to a doctor-patient relationship nor otherwise establish special circumstances under which appellants could reasonably rely on such declarations as being uttered in the course of professional treatment. "There is nothing to suggest that [the transmittal of such admission seeking declarations] was inconsistent with the limited relationship between appellants and [appellee Manard]." *Clough v. Lively*, 193 Ga. App. 286, 288 (387 SE2d 573). Further, the complaint contains no averments that appellants relied upon these declarations as constituting a professional diagnosis to their physical

detriment. " ' "No matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that (he) should not have done, or failed to do something that (he) should have done pursuant to the duty owed the plaintiff." (Cit.)' [Cit.]" *Cechman v. Travis*, 202 Ga. App. 255, 257 (2) (414 SE2d 282). "In the absence of a physician-patient relationship, the appellee's only duty to [appellants] was to conduct the examination in such a manner as not to injure [them]" during the course thereof. *Peace*, supra at 699 (2). The averments contained in the original complaint and amended complaint establishes that no doctor-patient relationship existed between appellants and appellee Manard, and no averment is made that appellants were physically injured during the course of the examination. Accordingly, the original complaint failed to state any claim whatsoever upon which relief could be granted; and the amended complaint, which averred only a professional malpractice claim and a tortious interference claim, failed to state any professional malpractice claim upon which relief could be granted.

Appellants' reliance on *Bradley Center v. Wessner*, 250 Ga. 199 (296 SE2d 693) (special relationship between private mental health hospital and a patient) is misplaced, as that case is factually distinguishable and not controlling. Although under certain limited circumstances there exists a tort based on negligent preparation or furnishing of false information (see generally *Badische Corp. v. Caylor*, 257 Ga. 131 (356 SE2d 198)), the circumstances averred in the complaints give notice of and support for no such claim. The liability arising from such a tort is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly, and "professional liability for negligence . . . extends to those persons, or the limited class of persons who the professional is actually aware will rely upon the information he prepared." Id. at 133. As the averments in the complaints reveal the report in question was prepared at the behest of and furnished to appellee insurance company, the complaints fail to state any claim of simple negligence on behalf of appellants sounding in a *Badische*-type tort.

We further find the original complaint meets Code pleading notice requirements as to medical malpractice claims (see generally *Bazemore v. Burnet*, 117 Ga. App. 849, 852 (161 SE2d 924)) and attempts to aver only a claim of professional malpractice; and, that the amended complaint gives notice of and attempts to aver only claims of professional malpractice and tortious interference of contract. That is, the complaints on their face fail either to give notice of or to aver a claim of simple negligence against appellee Manard as asserted by appellant. Recognizing that " '[professional] malpractice exists only where the act or omission by (a) professional requires the exercise of expert [professional] judgment' " (*Lamb v. Candler Gen. Hosp.*, 262

Ga. 70, 71 (413 SE2d 720)), we find that the various acts and omissions averred in the original and amended complaint attempting to establish negligence on the part of appellee Manard each involves a situation requiring the exercise of chiropractic judgment. Particularly, the determination of the nature, scope, and length of a chiropractic examination, and of the information required before an adequate professional evaluation and report of a patient's condition could be rendered are matters requiring the exercise of such professional judgment. Thus, the averment of failure to render a complete and thorough examination and report is the attempted averment of a professional malpractice claim, rather than a claim of simple negligence. Compare *Lamb*, supra.

Additionally, the trial court correctly concluded that as to the professional malpractice claims, a valid affidavit was required to be filed with the complaint in accordance with the requirements of OCGA § 9-11-9.1 (a). See *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (3) (395 SE2d 809). The affidavits submitted with the original complaint were insufficient to meet the requirements of OCGA § 9-11-9.1 (a). Examination of the affidavits reveal that neither individually nor collectively do they set forth *specifically* at least one negligent act or omission claimed to exist on the part of appellee Manard. OCGA § 9-11-9.1 (a). At most, the affidavits establish that appellee Manard did not contact affiant for or request from affiant any x-rays, patient chiropractic data, treatment plan or chiropractic findings before "decid[ing] the named [appellants] reached maximum medical treatment." The affidavits fail to set forth specifically that appellee Manard had failed to *obtain* such information before rendering his professional evaluation of appellants, or that he was in fact negligent merely by failing to contact affiant or in failing to request from affiant the information at issue. Moreover, under the circumstances of this case, the subsequent filing of an amended complaint and attaching thereto an additional affidavit would not cure this defect. See *Cheeley v. Henderson*, 261 Ga. 498, n. 1 (405 SE2d 865) (and accompanying text); Davis and Shulman's, Ga. Prac. & Proc., Complaints, § 7-7.1, p. 176.

4. The trial court did not err in granting appellee Manard's motion for summary judgment as to the tortious interference with contractual relationships claim.

At summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from

those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to any essential element of the case. If there is no evidence sufficient to create a genuine issue as to any essential element of the plaintiff's claim, that is, the record reveals there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474). One of the essential elements of a tortious interference claim is that the defendant acted " 'purposely and with malice with the intent to injure.' " *Contractors' Bldg. Supply v. Gwinnett Sash &c.*, 199 Ga. App. 38, 39 (2) (403 SE2d 844). Applying the standard of *Lau's Corp.*, supra, we find that the record reveals there is no genuine evidence sufficient to create a jury issue as to this essential element. Accordingly, the trial court did not err in granting summary judgment to appellee Manard as to the tortious interference claim.

Nor would the trial court have erred in granting summary judgment to appellee Manard as to the professional malpractice claim had that claim survived the motion to dismiss, as the affidavit of appellee Manard had it been considered in regard to this claim would have effectively negated the requisite doctor-client relationship giving rise to the duty at issue, and thus summary judgment would have been warranted under the precedent of *Lau's Corp.*, supra. Compare *Bushey v. Atlanta Emergency Group*, 179 Ga. App. 827, 829 (348 SE2d 98).

5. Appellants assert the trial court erred in finding their motion to compel discovery and for sanctions was moot. Appellants assert they were harmed by this ruling as the requested discovery would show the potential "bias" of appellee Manard toward appellee insurance company, and would be relevant as to the doctor's motive for his questioned conduct. See generally *Tuck v. Marriott Corp.*, 187 Ga. App. 567, 569 (2) (370 SE2d 795) (grant of summary judgment while motion to compel is pending is generally not condoned but not reversible where disallowed discovery would add nothing of substance to the party's claim). Pretermitting this issue is whether appellants contributed to or otherwise induced this error by their own trial procedure. We find that they have. The record reveals that appellants filed no timely motion for continuance, nor did they orally request continuance at the motion hearing. Additionally, at the hearing on the motions to dismiss and for summary judgment, appellees' counsel stated on the record that appellants' counsel "hasn't asked for a continuance on this motion. He *consented* on the day we were here before *to have this heard today* before Your Honor in open court." (Emphasis supplied.) Appellees did not contest the accuracy of this factual recitation, and thus acquiesced as to its accuracy by their silence. See

*Horan v. Pirkle*, 197 Ga. App. 151 (1) (397 SE2d 734). Appellants cannot complain of a judgment, order, or ruling that their own procedure or conduct aided in causing. *West v. Nodvin*, 196 Ga. App. 825, 826 (3e) (397 SE2d 567).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 29, 1992.

*Gordon G. Greenhut*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins*, for appellees.