## S97G1723. EXXON CORPORATION v. THOMASON.
### (504 SE2d 676)

FLETCHER, Presiding Justice.

We granted certiorari in this case to consider the requirement that a defendant set up a meritorious defense in order to open default. Because the court of appeals construed this requirement too narrowly, we reverse the court of appeals' judgment,[1] which held that the trial court erred in opening Exxon Corporation's default.

James Thomason filed suit against Exxon and others alleging that leaking storage tanks on Exxon's adjacent property contaminated his property with petroleum. Exxon did not file a timely answer. After the fifteen days in which a defendant may open default as a matter of right,[2] Exxon filed a motion to open default along with its answer. The trial court granted Exxon's motion, but the court of appeals reversed, holding that Exxon had failed to set up a meritorious defense.

1. One of the requirements for the opening of a default is that the defendant establish a meritorious defense.[3] A defendant meets this requirement by showing that if relief from default is granted, the outcome of the suit may be different from the result if the default stands.[4] In making this showing, the defendant must provide factual information and may not rely solely on conclusions.[5] By not requiring a showing that the defendant will completely defeat plaintiff's claim, we remain consistent with the strong public policy of this state favoring resolution of cases on their merits.[6] Additionally, we note that this definition of a "meritorious defense" is consistent with the case law interpreting the federal rules of civil procedure.[7]

If the entry of default stands in this case, it will operate as Exxon's admission of the allegations of the complaint:[8] Exxon has been maintaining leaking and corroding petroleum storage tanks since 1988, has known that these tanks were in violation of state laws and regulations, has known that leaking petroleum products

---

[1] *Thomason v. Exxon*, 227 Ga. App. 44 (487 SE2d 605) (1997).

[2] See O.C.G.A. § 9-11-55 (a).

[3] O.C.G.A. § 9-11-55 (b).

[4] See *Blanch v. King*, 202 Ga. 779, 782 (44 SE2d 779) (1947) (defining "meritorious defense" in context of motion to set aside default judgment).

[5] Id.

[6] See *Axelroad v. Preston*, 232 Ga. 836, 837 (209 SE2d 178) (1974); *Boynton v. State Farm Mutual Automobile Ins. Co.*, 207 Ga..App. 756 (1) (429 SE2d 304) (1993).

[7] 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure, Civil* § 2697 (1998) (meritorious defense requirement under Fed. R. Civ. Proc. 55 is met by a showing that if the relief is granted the outcome of the action may be different from the outcome if the entry of default remains).

[8] *Peek v. Southern Guaranty Ins. Co.*, 240 Ga. 498, 499 (241 SE2d 210) (1978) ("default operates as an admission of the truth of the well-pleaded material facts alleged against [the defendant]").

have migrated to Thomason's property but has taken no action to correct the situation, has failed to submit a corrective plan to the Georgia Environmental Protection Division, and has acted in conscious disregard of the consequences and in bad faith.

In support of its motion to open default, Exxon submitted affidavits and documents detailing the circumstances surrounding the leak. If allowed to present this evidence at trial, the jury would be told that the storage tanks tested tight in April 1988; the station operator first suspected a leak on September 16, 1988; initial testing on September 22 did not reveal any leaks; soon thereafter, the operator stopped dispensing gasoline at the direction of Exxon until further testing could be completed; a leak was identified on October 4 in the unleaded line near the self-service island, the leak was the result of a defective swing joint, and this defective part was repaired on October 7, 1988. Additionally, Exxon would present its corrective action plan and an expert who would testify that the leak was accidental and that Exxon's response was reasonable. Finally, Exxon would show that on October 6, 1988, it notified the Georgia Environmental Protection Division and the State Fire Marshal of the leak and that the Georgia Department of Natural Resources has stated that Exxon's schedule for assessment and cleanup was acceptable.

We conclude that even though Exxon has admitted one leak, the facts detailed in its affidavits contradict the sweeping allegations of the complaint. Especially in light of Thomason's claim for punitive damages, this showing is sufficient to demonstrate that if relief is granted, the outcome at trial may be different from the verdict reached if Exxon's default stands. Therefore, we conclude that the trial court did not abuse its discretion in determining that Exxon set up a meritorious defense within the meaning of O.C.G.A. § 9-11-55 (b).

2. Thomason urges that this Court affirm the court of appeals on the basis that Exxon failed to establish excusable neglect or a proper case for the opening of default. The parties briefed this issue in the court of appeals, but it was not addressed by that court. In the interest of judicial economy, recognizing that this was an interlocutory appeal and has been on appeal for two years, we will consider this issue.[9]

O.C.G.A. § 9-11-55 (b) permits the opening of default upon a showing of "providential cause . . ., excusable neglect, or . . . a proper case." In keeping with the policy of deciding cases on their merits,[10] this provision should be liberally applied.[11]

---

[9] See *Beauchamp v. Knight*, 261 Ga. 608, 610, n.1 (409 SE2d 208) (1991).
[10] *Retail Union Health & Welfare Fund v. Seabrum*, 240 Ga. 695, 698 (242 SE2d 18) (1978).

Thomason filed his complaint on February 17, 1994 and perfected service on Exxon on April 5, 1994. The complaint, however, was routed to a file cabinet where Exxon discovered it on June 1, 1994. The following day Exxon filed its motion to open default. In opening default under these circumstances, the trial court's ruling is consistent with the oft-repeated admonition that "[g]enerally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense."[12] Having reviewed the record, we conclude that the trial court did not abuse its broad discretion in opening default.

3. Thomason also contends on appeal that the trial court erred in allowing Exxon to conduct discovery. It is well settled that the conduct of discovery is within a trial court's broad discretion[13] and we find no abuse of that discretion here.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Enoch Overby, Howard E. Jarvis, J. Ford Little,* for appellant.
*Coppedge, Leman & Ward, Warren N. Coppedge, Jr., David L. McGuffey, Ledbetter, Little & Smith, David K. Smith,* for appellee.

---

[11] *Evans v. Willis*, 203 Ga. App. 699, 700 (418 SE2d 73) (1992) (citations omitted).
[12] Id.; *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 644 (440 SE2d 214) (1993).
[13] *Gray v. Whisenaut*, 258 Ga. 242 (368 SE2d 115) (1988); *Ambassador College v. Goetzke*, 244 Ga. 322 (260 SE2d 27) (1979).