**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and PHIPPS, P. J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 15, 2013**

# In the Court of Appeals of Georgia

A12A1933. DOUGLAS ASPHALT COMPANY et al. v.
LINNENKOHL et al.

ANDREWS, Presiding Judge.

Douglas Asphalt Company appeals after the trial court granted summary judgment to Harold Linnenkohl based on OCGA § 50-21-25(a) which grants immunity to State employees for acts within the scope of their employment. For reasons that follow, we affirm.

The record shows that the Georgia Department of Transportation (DOT) hired Douglas Asphalt to do asphalt paving work on certain highways in the state. It was determined in testing done by Applied Technical Services (ATS) that there were lime deficiencies in the asphalt on portions of the I-95 and I-75 projects worked on by Douglas. Douglas Asphalt was declared in default on the projects,

and subsequently filed suits in state and federal court against the DOT and ATS. In the federal suit, filed against QORE, an engineering and materials testing company, ATS, and several individual Georgia DOT officials, Douglas Asphalt claimed that:

> none of the tests that QORE or ATS performed was capable of accurately quantifying the amount of hydrated lime in the asphalt samples; it also alleged that QORE, ATS, and the named GDOT officials were all aware of this before the completion of those tests. Douglas asserted that by performing what it called fraudulent tests and enabling GDOT to rely upon them to declare it in default on both projects, the defendants had violated the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. The complaint also contained state-law claims for negligent misrepresentation, fraud, and defamation against QORE and ATS.

*Douglas Asphalt Co. v. QORE*, 657 F.3d 1146, 1150 (11th. Cir. 2011).

In the case before us, Douglas Asphalt claims that Linnenkohl stated while he was commissioner of the DOT that the atomic absorption test used by ATS was reliable; but in 2009, Linnenkohl testified in the federal suit that he never considered the atomic absorption tests to be reliable and that he did not rely on the absorption tests. Douglas claims this was negligence, contending that Linnenkohl owed a duty to Douglas not to employ flawed tests as a basis for placing it in default. Douglas is

2

also claiming fraud and deceit, contending that Linnenkohl misrepresented that the atomic absorption tests were valid.

Linnenkohl filed a motion to dismiss, stating that he was employed by the DOT for 39 years and served as commissioner of the DOT during the time that the actions complained of were taken and that all actions complained of were within the scope of his official duties. A hearing was set for March 30, 2011, on the motion to dismiss, converted by the trial court into a motion for summary judgment. Douglas Asphalt sent a notice for a video conference deposition of Linnenkohl for March 28, 2011. Linnenkohl filed a motion for a protective order, arguing that the trial court gave the parties 30 days from November, 5, 2010 to present all materials pertinent to a motion for summary judgment; therefore, the notice of deposition was untimely because the first request for deposition was filed outside the 30-day period. Linnenkohl also stated that the deposition was unnecessary because plaintiffs had already taken two depositions and cross-examined him at trial on this same subject in the federal case.

After the hearing, the trial court gave Douglas Asphalt the opportunity to set out the matters that it intended to bring up at the deposition. The trial court subsequently granted the motion for summary judgment based on immunity, and this appeal followed.

1. In its first enumeration of error, Douglas Asphalt contends that the trial court erred in granting summary judgment without allowing further discovery that would show that Linnenkohl's tortious activity occurred when he was no longer acting as a State employee. OCGA § 9-11-26(c) provides: "Upon motion by a party or by the person from whom discovery is sought and for good cause shown, the court in which the action is pending or, alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court. We therefore will not reverse absent an abuse of discretion. The trial court is in the best position to make determinations on these issues, and we will not overrule its judgment if there is any reasonable evidence to support it." (Citations and punctuation omitted.) *Anderson v. Mergenhagen,* 283 Ga. App. 546, 548 (642 SE2d 105) (2007).

Douglas Asphalt informed the court that it wanted to ask Linnenkohl about any efforts made to review DOT records before testifying in federal court in September 2009; the date of his retirement from DOT; conversations or correspondence between Linnenkohl and DOT after his retirement; and conversations or correspondence

4

between Linnenkohl and counsel for the testing company after his retirement. On appeal, Douglas Asphalt does not argue specifically what this further questioning of Linnenkohl could have revealed beyond what was already covered in its previous depositions and cross-examination in the federal case; nor does it give any reason for the untimely notice of deposition. Counsel for Douglas stated at the hearing that he did "not have an answer of why we did not address this earlier." Accordingly, we conclude there was no abuse of discretion in the trial court's grant of the DOT's motion for protective order. See *Anderson*, supra; *Exxon Corp. v. Thomason,* 269 Ga. 761, 763 (504 SE2d 676) (1998) ("It is well-settled that the conduct of discovery is within a trial court's broad discretion.").

2. Douglas Asphalt also enumerates as error the trial court's grant of summary judgment to Linnenkohl under OCGA § 50-21-25. It once again reiterates that it was not permitted discovery to show that acts taken after Linnenkohl retired were not protected by sovereign immunity but fails to support the claim that Linnenkohl was not entitled to sovereign immunity with any argument or citation to authority or facts in support of this enumeration beyond a sentence stating that "[e]ven with the limited evidence Appellants were able to put forth, consideration of the facts in the light most

favorable to the Appellants does not support a legal conclusion that sovereign immunity applied.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." (Citations and punctuation omitted.) *Ga. Dept. of Transp. v. Smith,* 314 Ga. App. 412, 413 (724 SE2d 430) (2012).

OCGA § 50-21-25(a) provides: "This article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor. However, nothing in this article shall be construed to give a state officer or employee immunity from suit and liability if it is proved that the officer's or employee's conduct was not within the scope of his or her official duties or employment."

OCGA § 50-21-21(b) provides in pertinent part that:

the proper functioning of state government requires that state officers and employees be free to act and to make decisions, in good faith, without fear of thereby exposing themselves to lawsuits and without fear of the loss of their personal assets. Consequently, it is declared to be the

public policy of this state that state officers and employees shall not be subject to lawsuit or liability arising from the performance or nonperformance of their official duties or functions. (c) All of the provisions of this article should be construed with a view to carry out this expression of the intent of the General Assembly.

Here, in the complaint and at the hearing, the claims of negligence and fraud concerned allegations that Linnenkohl lied while he was commissioner of the DOT and as a result Douglas Asphalt was defaulted on its contracts. Further, the record shows that Linnenkohl's deposition testimony in the federal case was taken on May 27, 2007, when he was still DOT commissioner. His testimony at trial was on September 30, 2009 based upon actions taken while he was commissioner. Accordingly, the trial court properly granted summary judgment to Linnenkohl based upon his immunity for acts taken within the scope of his official duties.

*Judgment affirmed. Doyle, P. J., and Phipps, P. J., concur.*