**FOURTH DIVISION**
**DOYLE, P. J.,**
**DILLARD, P.J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 4, 2021**

# In the Court of Appeals of Georgia

A18A1001. BOWEN et al. v. SAVOY et al.

PHIPPS, Senior Appellate Judge.

In *Bowen v. Savoy*, 347 Ga. App. XXV (September 25, 2018) (unpublished), this Court affirmed the trial court's denial of Eleanor M. Bowen and Margaret M. Innocenti's motion to set aside default in an action filed against them by their sister, Priscilla A. Savoy. In that case, we held that the trial court's finding that Appellants lacked a reasonable excuse for their late answer was not an abuse of discretion. Subsequently, the Supreme Court of Georgia reversed our judgment and remanded the case to this Court for consideration consistent with its decision. *Bowen v. Savoy*, 308 Ga. 204 (839 SE2d 546) (2020). Therefore, we vacate our earlier opinion and adopt the opinion of the Supreme Court as our own. In its opinion, the Supreme Court noted that this Court had not considered the trial court's alternative holding that

Appellants had failed to establish a meritorious defense and could address that alternative holding on remand. Id. at 206, n. 3. Having addressed that issue on remand, we conclude that Appellants established a meritorious defense. Accordingly, we reverse and remand.

In 2016, Savoy, individually and as executor of her mother's estate, sued her sisters Bowen and Innocenti[1] ("Appellants"), contending that they colluded to transfer funds from their mother's accounts for their own use. Appellants were served with the summons and complaint on June 20 and 22, 2016. On July 20, 2016, Appellants filed a motion to dismiss the complaint for lack of personal jurisdiction, which was supported by a sworn affidavit executed by Bowen denying the factual allegations raised in the complaint. Appellants later filed a supplemental affidavit executed by Bowen in support of their motion to dismiss. When Appellants did not answer the complaint within 30 days of service, as required by OCGA § 9-11-12 (a), the case "automatically [became] in default." OCGA § 9-11-55 (a).

On February 15, 2017, the trial court held a hearing on Appellants' motion to dismiss. Six days later, on February 21, Appellants filed an untimely answer. On

---

[1] A third sister, Suzanne Douglas, was also named as a defendant; however, the complaint against Douglas was dismissed for lack of personal jurisdiction.

2

February 27, Savoy filed a motion for entry of default judgment. That same day, Appellants filed a motion to set aside the default. The trial court granted Savoy's motion for default judgment on August 23 and concomitantly issued an order denying Appellants' motion to set aside the default. In denying the motion to set aside the default, the trial court concluded that Appellants had failed to raise a meritorious defense and had not provided a reasonable explanation for their failure to file a timely answer. Thereafter, the trial court granted Appellants' request for a certificate of immediate review. This Court granted Appellants' application for interlocutory review but ultimately affirmed the judgment of the trial court and its conclusion that Appellants had failed to provide a reasonable explanation for their failure to file a timely answer. *Bowen*, 347 Ga. App. XXV. We did not address the trial court's alternative holding that Appellants had failed to establish a meritorious defense. Id.

The Supreme Court of Georgia granted certiorari to address the following question: "To show a proper case for opening default under OCGA § 9-11-55 (b), must the defendant provide a reasonable explanation for the failure to file a timely answer?" *Bowen*, 308 Ga. at 204. The Supreme Court answered that question in the negative and therefore reversed the judgment of this Court and remanded the case for consideration consistent with the Supreme Court's decision. *Bowen*, 308 Ga. at 209.

3

We therefore vacate our earlier opinion and adopt the opinion of the Supreme Court as our own. However, because we did not previously address Appellants' contention that the trial court erred in holding that Appellants failed to establish a meritorious defense, we do so now. We conclude that Appellants established a meritorious defense.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense.

*Butterworth v. Safelite Glass Corp.*, 287 Ga. App. 848, 849 (1) (652 SE2d 877) (2007) (citations and emphasis omitted). If the four conditions are met, then "the opening of default rests within the sound discretion of the trial court." Id. (citation omitted). "The sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999) (citation omitted).

4

In this case, the trial court determined that Appellants had not satisfied the condition of setting up a meritorious defense and that it therefore had no discretion to set aside the default. To establish a meritorious defense, a defendant must show "that if relief from default is granted, the outcome of the suit may be different from the result if the default stands. In making this showing, the defendant must provide factual information and may not rely solely on conclusions." *Exxon Corp. v. Thomason*, 269 Ga. 761, 761 (1) (504 SE2d 676) (1998) (citations omitted). In making that showing, "the defendant must set forth facts that show the existence of the essential elements of such defense even though there is no requirement that the affidavit or other sworn statement contain in great detail the factual basis of the proposed defense." *Water Visions Intl., Inc. v. Tippett Clepper Assoc.*, 293 Ga. App. 285, 287 (2) (666 SE2d 628) (2008) (citations and punctuation omitted). However, a "showing that the defendant will completely defeat plaintiff's claim" is not required. *Exxon Corp.*, 269 Ga. at 761 (1).

In her complaint, Savoy alleged that her mother had experienced steadily declining physical and mental health during the last two years of her life, and that although she experienced periods of lucidity, she suffered from problems with her memory and her awareness of time. Savoy further alleged that her mother gave

5

Bowen a power of attorney to manage her financial affairs at Bowen's urging and that Bowen abused her position as a fiduciary by transferring substantial funds belonging to her mother into a joint account opened by Appellants and into her mother's money market account, which Bowen controlled. Savoy claimed that Appellants worked together to transfer the funds without their mother's knowledge or permission; that Appellants diverted some of the funds from the sale of their mother's house into a joint account opened by Appellants for their own use; and that Appellants cooperated to transfer more than $70,000 belonging to their mother for their own use.

Savoy asserted claims of breach of fiduciary duty, conversion, and money had and received. Savoy sought an accounting, to have transfers of funds set aside, and to have a constructive trust imposed over all assets wrongfully taken by Appellants, as well as compensatory damages, punitive damages, and attorney fees.

Contrary to the trial court's conclusion, the two affidavits submitted by Bowen in support of Appellants' motion to dismiss establish a meritorious defense to the allegations of the complaint. In the first affidavit, Bowen states:

> I am very familiar with my mother, Alice Talbot, her financial affairs and her state of mind, particularly in the time before her death. I agreed to accept appointment as her attorney-in-fact pursuant to a power

6

of attorney dated May 21, 2014. At the time my mother appointed me as her attorney-in-fact she was lucid and in full control of her faculties.

I never abused my position as my mother's attorney-in-fact and always conducted her financial affairs in a manner that accorded with her best interests. My mother opened a Money Market account at Delta Community Credit Union with my sister Margaret Innocenti and myself jointly, with right of survivorship, shortly after the time she appointed me attorney-in-fact. This joint account was for the purpose of providing for my mother's needs and I never treated the money as my own, nor did I ever use any of the funds for my own needs. It was this account in which the proceeds from the sale of the house were deposited. I used this money during my mother's lifetime for her needs. Upon my mother's death I consulted legal counsel who advised me that this joint account did not become the property of my mother's estate. Nevertheless, I divided the remaining funds in the account nine ways – for each of myself and my siblings – and sent each a check for that amount. Any allegation or implication that I used any money in that account for my personal needs or for anything other than my mother's benefit is false.

In her supplemental affidavit, Bowen states:

My mother had only a temporary loss of memory and awareness that accompanied her hospitalization in November 2013. This lack of memory was a direct result of prescription drugs. Once she recovered from her hospitalization and stopped taking certain drugs she was able to live on her own and stayed by herself and cared for herself in the

spring of 2014, during which time she fully recovered her mental faculties.

I was unable to visit my mother on Mothers' Day in 2014. I was also not in Georgia when my mother executed her power of attorney in May 2014, establishing me as her attorney-in-fact. My mother did not ask me to serve in this capacity prior to appointing me. I took no part in the drafting of this document and did not learn of my appointment until after the fact.

My mother opened a checking and a money market account at Delta Community Credit Union with my sister Margaret and myself jointly with right of survivorship. My mother transferred $10,000.00 to the checking and $50,000.00 to the money market. These actions were taken by my mother based on her own free will and were the results of her own decisions. Statements to the contrary by Ms. Savoy are nothing more than speculation without any factual support.

While neither Margaret nor I accounted for these funds to Ms. Savoy, we did account for them with my mother. While she lived in Georgia, Margaret went over my mother's accounts with her. Upon the sale of my mother's house, my mother took the proceeds and deposited them in her money market account that she had with Margaret and myself jointly. The money in those accounts was used solely for my mother's expenses. Statements to the contrary by Ms. Savoy are nothing more than speculation without any factual support.

Bowen's affidavits explain in some detail how her mother's money was used and expressly deny any diversion for personal use. The facts detailed in Bowen's

affidavits contradict many of the allegations in the complaint and establish a factual defense to Savoy's claims of breach of fiduciary duty, conversion, and money had and received. Thus, Appellants have demonstrated that the outcome of the case "may be different" if their motion to set aside default is granted. See *Exxon Corp.*, 269 Ga. at 761 (1). Consequently, Bowen's affidavits set up a meritorious defense, and the trial court erred by ruling otherwise. We therefore reverse the judgment of the trial court and remand this case for the trial court to revisit its analysis of whether Appellants have established a proper case for opening default consistent with the Supreme Court's and this Court's decisions.

*Judgment reversed and case remanded. Doyle, P. J., and Dillard, P. J., concur.*